■ Isidoro Rivera, Respondent, v Benjamin M. Lopez, Doing Business as Satellite Restaurant, Appellant.—Order unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings, in accordance with the following memorandum: While working as a doorman at defendant's bar and grill, plaintiff was injured by the son of defendant's barmaid. Plaintiff commenced a negligence action against defendant, who thereafter moved for summary judgment, asserting that the exclusive remedy of plaintiff, his employee, was through workers' compensation. Plaintiff contended that he was not an employee. The court erred in deciding defendant's motion on the record presented. The court should have held the motion in abeyance and referred the case to the Workers' Compensation Board to determine whether plaintiff was defendant's employee *(see, Botwinick v Ogden,* 59 NY2d 909; *Rohan v North Main St. Dev. Corp.,* 146 AD2d 687). That Board has exclusive jurisdiction over questions of fact and mixed questions of law and fact concerning the applicability of workers' compensation coverage *(see, Liss v Trans Auto Sys.,* 68 NY2d 15, 20-21; *O'Rourke v Long,* 41 NY2d 219, 222; *Gyory v Radgowski,* 89 AD2d 867, 869), and that proper procedure cannot be circumvented by litigants who select the court system as the forum for litigating their dispute *(see, Cunningham v State of New York,* 60 NY2d 248, 252). (Appeal from order of Supreme Court, Monroe County, Cornelius, J.—summary judgment.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.

■ Hollis M. Hite, Respondent, v James N. Hite et al., Appellants.—Order unanimously reversed on the law without costs and motion denied. Memorandum: Defendant contends that the trial court erred in granting plaintiff summary judgment. We agree. Accepting, as we must for the purposes of this motion, the nonmoving party's evidence as true *(see, Hourigan v McGarry,* 106 AD2d 845), summary judgment must be denied because there is at least arguably an issue of fact regarding the existence of the partnership *(see, Missan v Schoenfeld,* 95 AD2d 198). (Appeal from order of Supreme Court, Erie County, Rath, J.—dissolution of partnership.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.