■ BLASINA CRUZ, Plaintiff, v 850 THIRD AVENUE LIMITED PARTNERSHIP et al., Respondents. 850 THIRD AVENUE LIMITED PARTNERSHIP, Third-Party Plaintiff-Respondent, v JOHN F. DAVIE Co., Third-Party Defendant-Respondent. UNION LABOR LIFE INSURANCE COMPANY, Second Third-Party Plaintiff-Respondent, et al., Second Third-Party Defendant. JOHN F. DAVIE Co., Fourth-Party Plaintiff-Respondent, v I.S.S. INTERNATIONAL SERVICE SYSTEM, INC., Fourth-Party Defendant-Appellant.—Order of the Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about July 26, 1991, which denied the motion of fourth-party defendant I.S.S. International Service System, Inc. seeking summary judgment dismissing the complaint against it, unanimously reversed, on the law, and the complaint dismissed as to fourth-party defendant I.S.S. International Service System, Inc., without costs. The Clerk is directed to enter judgment in favor of the appellant severing and dismissing the complaint as against it.

On January 24, 1986, plaintiff Blasina Cruz was walking on the public sidewalk adjacent to 850 Third Avenue when she was struck by a third floor window which had become detached from its frame for some undisclosed reason. Plaintiff commenced the instant action to recover damages for the resulting injuries against 850 Third Avenue Limited Partnership, the owner; Union Labor Life Insurance Company, the lessee of the third floor; and Citibank, the sublessee. 850 Third Avenue in turn commenced a third-party action against John F. Davie Co. which had been under contract to perform renovation work on the third floor. Meanwhile, John F. Davie

Co. brought a fourth-party action against fourth-party defendant-appellant I.S.S. International Service System, Inc. ("ISS").

At the time of the incident, ISS was under contract with the building's owner to provide general cleaning services, including window cleaning, and under separate contract with the lessee of the third floor to clean the third-floor venetian blinds and window mullions. ISS asserts that its personnel ceased cleaning the windows some three days prior to the accident and that its sole window cleaner on duty for the day was not on the premises at the time. Nevertheless, the record indicates that, immediately preceding the incident, a man in a blue uniform opened the window which fell and struck plaintiff. While it is uncontradicted that ISS employees (i.e., porters) were in the building at the time of the accident, employees of other companies performing work in the building also wore blue uniforms.

In support of its motion for summary judgment, ISS attached a copy of a January 1986 daily report for window cleaners, reflecting the completion of the cleaning of third floor windows on January 21, 1986, three days prior to the accident. ISS produced the sworn affidavit of Theodore Gibson, who was then assigned to clean the 7th and 8th floors of 850 Third Avenue, stating that he was not on the third floor at any time during the day of the accident and was eating breakfast in a restaurant across the street from the building at the time it occurred. Gibson also averred that there were construction workers performing work on the third floor, but he did not know what company employed them.

Plaintiff's theory of recovery is res ipsa loquitur. The basis for denial of summary judgment propounded by defendants in opposition to the motion by ISS is that "interdependent" defendants can together be found to be in exclusive control of an instrumentality (Schroeder v City & County Sav. Bank, 293 NY 370, 374, cited in Corcoran v Banner Super Mkt., 19 NY2d 425, 432). However, as third-party defendant John F. Davie Co. states in its brief, "Although pre-trial discovery has not revealed any direct evidence that ISS personnel caused the window to fall, facts have been adduced which circumstantially create an inference that ISS personnel were responsible for the window falling."

It is well settled that "one opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim or must demonstrate acceptable

excuse for his failure to meet the requirement of tender in admissible form; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" *(Zuckerman v City of New York,* 49 NY2d 557, 562). A circumstantial inference that employees of ISS might have had some contact with the window which struck plaintiff is not remotely sufficient to establish control over the instrumentality so as to deem ISS "interdependent" with the other defendants *(Schroeder v City & County Sav. Bank, supra,* at 374). The claim of negligence on the part of ISS is based on nothing more than speculation *(Friedman v Sirulnick Realty Corp.,* 90 AD2d 479) and cannot survive the motion for summary judgment. Concur —Sullivan, J. P., Wallach, Asch, Kassal and Rubin, JJ.