OPINION OF THE COURT
Howard Miller, J.
Motion by defendant Occupations Incorporated (Occupations) for summary judgment or alternative relief; cross motion by plaintiff to dismiss the workers’ compensation defenses of defendants Occupations and Andre Lewis (Lewis); cross motion by defendant Orange County Department of Mental Health (Orange County) for summary judgment.
It is ordered that the motions are disposed of as follows:
(1) Occupations’ motion for summary judgment, and plaintiff’s cross motion to dismiss defendants’ affirmative defenses of workers’ compensation, insofar as they are concerned with acts alleged by plaintiff to have occurred on and after July 22, 1989, are held in abeyance and the issue of whether coverage is available under the workers’ compensation policy issued to defendant Occupations is referred to the Workers’ Compensation Board.
(2) Occupations’ motion for summary judgment, insofar as it concerns acts alleged by plaintiff to have occurred between *919 April 1989 and July 21, 1989 is denied; plaintiffs cross motion to dismiss defendants’ affirmative defenses of workers’ compensation, insofar as they relate to acts alleged by plaintiff to have occurred between April 1989 and July 21, 1989 is granted.
(3) The motion of defendant Orange County for summary judgment is granted, with costs and disbursements, and the action severed as to that defendant.
Plaintiff alleges that his ward, while engaged in piecework at a sheltered workshop operated by Occupations as part of her rehabilitation and training program, was sexually assaulted by defendant Lewis during the period April 1989 to August 23, 1989. Defendants Occupations and Lewis have asserted workers’ compensation coverage as affirmative defenses. Plaintiff denies that Ms. Vazquez was an employee or, alternatively, that even if she were an employee, that the Workers’ Compensation Law is inapplicable under the circumstances of this case.
According to the vocational intake record of Occupations dated March 13, 1989, Ms. Vazquez was referred to Occupations by "OVR” (presumably the Office of Vocational Rehabilitation). Thereafter she was accepted into the workshop program as a piece-rate worker. Ms. Vazquez earned wages from subcontracted packaging work from various companies and businesses.
It is well-settled law that the Workers’ Compensation Board has exclusive jurisdiction over questions of fact and mixed questions of law and fact concerning the applicability of workers’ compensation coverage (Rivera v Lopez, 167 AD2d 953; Liss v Trans Auto Sys., 68 NY2d 15; O’Rourke v Long, 41 NY2d 219; Gyory v Radgowski, 89 AD2d 867). Where, however, an employment question presents "an issue of statutory construction and presents a pure question of law,” the courts may resolve the issue (O’Rourke v Long, supra, at 224; Shine v Duncan Petroleum Transp., 60 NY2d 22). Whether plaintiff, as a sheltered workshop participant, was an employee of Occupations is purely an issue of statutory construction.
It cannot be disputed that prior to July 22, 1989, under section 33.09 (c) of the Mental Hygiene Law, plaintiff was, by statute, excluded from the provisions of the Workers’ Compensation Law. Thus any claims she may have regarding acts alleged to have taken place prior to July 22, 1989 cannot be subject to the workers’ compensation defense, despite the fact *920 that Occupations may have had a policy covering its sheltered workshop employees. When the statute was amended, however, by chapter 690 of the Laws of 1989, effective July 22, 1989, sheltered workshop participants in programs operated by the Office of Mental Health, the Office of Mental Retardation/Developmental Disabilities or voluntary agencies or institutional worker programs operated by the Office of Mental Health, became subject to the Workers’ Compensation Law if such agencies or offices elected to provide coverage. Section 2 of that Bill evinces the Legislature’s recognition that affording such coverage would create an employer-employee relationship: "2. Provisions of this act which may establish an employer-employee relationship for purposes of eligibility for workers’ compensation benefits shall not be interpreted to establish an employer-employee relationship for any other purpose.” It is incongruous to suggest that the Legislature, having specifically afforded sheltered workshop participants workers’ compensation coverage if elected by the employing agency or office, and specifically limiting the extent of the employer-employee relationship in section 2 of the Bill, intended to exclude such participants from the definition of "employee” in the Workers’ Compensation Law. Furthermore, Education Law § 1004-a and the Regulations of the Commissioner of Education promulgated thereunder (8 NYCRR part 246 et seq.) support the concept that the sheltered employment programs constitute "employment on a regular basis.”
Thus as a matter of law, plaintiff’s ward was an employee of Occupations for purposes of the limited workers’ compensation coverage afforded by Mental Hygiene Law § 33.09 (c), if such coverage was provided by Occupations. The original file of the State Insurance Fund indicates that effective May 1, 1989 Occupations’ workers’ compensation policy was made applicable to participants in sheltered workshops at certain locations, including the location at Windsor Highway where the assaults allegedly took place. Thus any claims by plaintiff subsequent to July 22, 1989, the effective date of the amendment of the Mental Hygiene Law, are subject to the workers’ compensation defense; any claims by plaintiff for any incidents occurring prior to that date are not.
Nevertheless, whether coverage for the acts alleged exists under the Workers’ Compensation Law is a question of fact which must be determined by the Workers’ Compensation Board in the first instance, and it is inappropriate for the court to express an opinion on whether coverage is available *921 under the circumstances of this case prior to a determination by the Board (Botwinick v Ogden, 59 NY2d 909; O’Rourke v Long, supra; Liss v Trans Auto Sys., supra; Shine v Duncan Petroleum Transp., supra; Becker v Clarkstown Cent. School Dist., 157 AD2d 641). Thus Occupations’ motion and plaintiffs cross motion, insofar as they relate to claims occurring on July 22, 1989 and thereafter, are held in abeyance pending a determination by the Board.
Plaintiffs claims against defendant Orange County are grounded in negligence in permitting defendant Lewis to be in close proximity to plaintiffs ward, in failure to supervise and control Lewis, and in failure to warn plaintiffs ward. In support of its motion for summary judgment, Orange County submits the affidavit of Deputy Commissioner Arthur J. Gloeckler, from the Department of Mental Health, stating that neither Ms. Vazquez nor Mr. Lewis were ever evaluated by the Department of Mental Health or referred by the Department to Occupations; that Occupations is licensed by the State; and that Orange County did not provide instruction or supervision of Occupations’ New Windsor facility during the operative period. Having thus established a prima facie right to summary judgment, plaintiff was required to submit proof in evidentiary form sufficient to raise a triable issue of fact.
In opposition, plaintiff submits an attorneys’ affirmation, which is without evidentiary value, speculating that Occupations’ deposition may reveal some involvement by Orange County. Plaintiff further speculates that Orange County’s participation in a State safety inspection, or the conducting of program meetings, is sufficient to establish liability on its part. "It is well [established] that an opponent of a summary judgment motion must avoid mere conclusory allegations and lay bare his or her proof (see, S & H Bldg. Material Corp. v Riven, 176 AD2d 715)” (Federal Deposit Ins. Corp. v Jacobs, 185 AD2d 913). "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient” to defeat a motion for summary judgment (Zuckerman v City of New York, 49 NY2d 557; Cruz v 850 Third Ave. Ltd. Partnership, 186 AD2d 4). The claim of negligence against Orange County is based on nothing more than speculation and cannot survive the motion for summary judgment (Cruz v 850 Third Ave. Ltd. Partnership, supra).