Appeal from an order of Supreme Court, Cayuga County (Corning, J.), entered May 1, 2002, which, inter alia, denied defendant’s motion to dismiss the action.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, and the matter is remitted to Supreme Court, Cayuga County, for further proceedings in accordance with the following memorandum: Plaintiffs decedent was employed at defendant hospital as a housekeeper. While at work, decedent ingested an anesthetic drug, allegedly to relieve symptoms from headaches and stress, and she died from a drug overdose. Plaintiff filed a workers’ compensation claim, but the Administrative Law Judge for the Workers’ Compensation Board (Board) is *897 sued a notice of decision stating: “No prima facie medical evidence. No further action is planned by the Board at this time.” Plaintiff thereafter commenced this wrongful death action. Defendant moved to dismiss the action on the grounds that plaintiff had failed to plead the lack of workers’ compensation benefits in her complaint and the action was barred by the exclusivity provisions of Workers’ Compensation Law § 11. Supreme Court denied the motion and permitted plaintiff to file and serve an amended complaint, the parties having agreed at oral argument of the motion that, “should the Court allow plaintiff to proceed, ... an amended complaint would be drafted” to plead the lack of workers’ compensation benefits. The pleading defect therefore was cured and thus, in denying the motion, the court implicitly determined that the action was not barred by Workers’ Compensation Law § 11. We now reverse.
Plaintiff concedes that Workers’ Compensation Law § 11 generally prohibits an employee from bringing a personal injury action against his or her employer. As plaintiff correctly notes, however, “workmen’s compensation cannot be an exclusive remedy if it is no remedy at all” (O’Rourke v Long, 41 NY2d 219, 226 [1976]). It is well settled that “primary jurisdiction with respect to determinations as to the applicability of the Workers’ Compensation Law has been vested in the . . . Board and that it is therefore inappropriate for the courts to express views with respect thereto pending determination by the [B]oard” (Botwinick v Ogden, 59 NY2d 909, 911 [1983]; see O’Rourke, 41 NY2d at 228). “The determination of whether a case is truly closed for purposes of [the] Workers’ Compensation Law . . . is an issue of fact to be resolved by the Board, and its determination will not be disturbed if supported by substantial evidence .... Such a determination turns on whether further proceedings were contemplated at the time the matter was closed” (Jones v HSBC, 304 AD2d 864, 866 [2003]).
Here, the issue whether the death of decedent occurred outside the scope of her employment “ ‘is a matter that must in the first instance be determined by the [B]oard’ ” (O’Rourke, 41 NY2d at 228). In our view, the decision of the Board is both nonfinal and silent with respect to that issue. Indeed, the phrase “at this time” implies that future action was anticipated. Thus, we conclude that the court erred in determining the motion to dismiss at this juncture. We therefore reverse the order and remit the matter to Supreme Court, Cayuga County, to determine defendant’s motion following the Board’s determination whether decedent died in the course of her employment (see id. *898 at 227-228). Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.