■ LOUIS M. OLIVERI et al., Respondents, v SHAWN DELONG et al., Defendants. PUBLIC EMPLOYER RISK MANAGEMENT ASSOCIATION, INC., Appellant. [857 NYS2d 833]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered February 15, 2007. The order granted plaintiffs' motion for injunctive relief, determining that all benefits received by plaintiff Louis M. Oliveri were paid pursuant to General Municipal Law § 207-c and that his settlement proceeds and future benefits were not subject to a workers' compensation lien.

It is hereby ordered that the order so appealed from is

unanimously reversed on the law without costs, the motion is dismissed and the injunction is vacated.

Memorandum: Louis M. Oliveri (plaintiff), a police officer employed by the City of Niagara Falls (City), was injured in a motor vehicle accident while operating his police motorcycle in the course of his employment. Pursuant to General Municipal Law § 207-c, the City assumed responsibility for payment of plaintiff's wages and medical expenses, and appellant, Public Employer Risk Management Association, Inc. (PERMA), acted as third-party administrator. Plaintiff eventually took a disability retirement, after which he received workers' compensation benefits. Plaintiffs commenced this negligence action seeking damages sustained as a result of the accident and, without notice to or the consent of PERMA, they settled the action for the sum of $1,750,000. In placing the terms of the settlement on the record in Supreme Court, plaintiffs' attorney verified with the court that the settlement proceeds were not subject to a lien by PERMA.

Upon learning of the settlement, PERMA sought a determination from the Workers' Compensation Board (Board) that, pursuant to Workers' Compensation Law § 29, PERMA has a workers' compensation lien against the proceeds of the settlement for the amount of past wages and medical expenses paid to plaintiff, and PERMA further sought to suspend or reduce future medical payments. By order to show cause, plaintiffs obtained an injunction restraining PERMA from withholding payment of medical bills previously submitted to it by plaintiff and restraining PERMA from seeking a determination from the Board pending a hearing on the injunction. PERMA appeals from an order granting plaintiffs' motion for injunctive relief, determining that all benefits received by plaintiff were paid pursuant to General Municipal Law § 207-c, and that plaintiff's settlement proceeds and future benefits were not subject to a workers' compensation lien.

We conclude that the court erred in restraining PERMA from proceeding before the Board. "[P]rimary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the . . . Board and . . . it is therefore inappropriate for the courts to express views with respect thereto pending determination by the [B]oard" (*Botwinick v Ogden*, 59 NY2d 909, 911 [1983]; *see generally* Workers' Compensation Law § 142; *Ransier v Auburn Mem. Hosp.*, 1 AD3d 896, 897 [2003]). PERMA thus should be permitted to proceed before the Board. In view of our decision, we do not address the parties' remaining contentions. Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.