AARON M. McGEE et al., Respondents-Appellants, v DALE H. VAN ERDEN, Individually and as Owner/Operator of VENTURE FARMS, LLC, et al., Appellants-Respondents. [885 NYS2d 864]—

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered November 20, 2008 in a personal injury action. The order denied defendants' motion for summary judgment and plaintiffs' cross motion for partial summary judgment.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Aaron M. McGee (plaintiff) when he fell to the ground from the rafters of a barn while installing hurricane clips. The barn was allegedly owned by defendant Venture Farms, LLC (Venture Farms). Defendants moved for summary judgment dismissing the amended complaint on the ground that workers' compensation benefits were plaintiffs' exclusive remedy. Plaintiffs cross-moved

for partial summary judgment on liability with respect to the Labor Law § 240 (1) causes of action on the ground that plaintiff was an independent contractor, not an employee of Venture Farms, and thus was not barred by the exclusive remedy provisions of the Workers' Compensation Law from bringing this action. Supreme Court determined that there was a triable issue of fact whether plaintiff was an employee of Venture Farms at the time of the accident and thus denied the motion and cross motion.

We conclude that the court erred in deciding the motion and cross motion absent a determination by the Workers' Compensation Board (Board) whether plaintiff was an employee of Venture Farms and thus entitled to workers' compensation benefits (*see Valenziano v Niki Trading Corp.*, 21 AD3d 818, 820 [2005]; *Augustine v Sugrue*, 305 AD2d 437 [2003]; *Hofrichter v North Shore Univ. Hosp. at Syosset*, 271 AD2d 649 [2000]). "[P]rimary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the . . . Board and . . . it is therefore inappropriate for the courts to express views with respect thereto pending determination by the [B]oard" (*Botwinick v Ogden*, 59 NY2d 909, 911 [1983]; *see O'Rourke v Long*, 41 NY2d 219, 228 [1976]; *Ransier v Auburn Mem. Hosp.*, 1 AD3d 896, 897 [2003]; *Rivera v Lopez*, 167 AD2d 953 [1990]). Where, as here, there is an issue of fact whether an injured plaintiff is an employee within the meaning of the Workers' Compensation Law, he or she "may not choose the courts as the forum for the resolution" of that issue (*O'Rourke*, 41 NY2d at 228; *see Nunes v Window Network, LLC*, 54 AD3d 834, 835 [2008]; *Rivera*, 167 AD2d 953 [1990]). We therefore reverse the order and remit the matter to Supreme Court to determine the motion and cross motion after final resolution of a prompt application to the Board to determine the rights, if any, of plaintiffs to benefits under the Workers' Compensation Law. Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Centra, JJ.