# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1239**
**CA 15-00592**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

VERLEY DAVIS, JR., PLAINTIFF-RESPONDENT,

V                                           MEMORANDUM AND ORDER

ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
DEFENDANT-APPELLANT,
ET AL., DEFENDANT.

---

MICHAEL A. SIRAGUSA, COUNTY ATTORNEY, BUFFALO (JEREMY C. TOTH OF COUNSEL), FOR DEFENDANT-APPELLANT.

MUSCATO & SHATKIN, LLP, BUFFALO (MARC SHATKIN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered June 23, 2014 in a personal injury action. The order denied the motion of defendant Erie County Department of Social Services seeking to dismiss the complaint against it.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: In an action seeking damages for injuries that plaintiff allegedly sustained while participating in the "Enrollment in Work Experience" program, Erie County Department of Social Services (defendant) appeals from an order denying its motion to dismiss the complaint against it on the ground that workers' compensation benefits are plaintiff's exclusive remedy. We conclude that Supreme Court erred in entertaining the motion. It is well settled that "primary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board [(Board)] . . . [I]t is therefore inappropriate for the courts to express views with respect thereto pending determination by" the Board (*Botwinick v Ogden*, 59 NY2d 909, 911). "Where, as here, there is an issue of fact whether an injured plaintiff is an employee within the meaning of the Workers' Compensation Law, he or she 'may not choose the courts as the forum for the resolution' of that issue" (*McGee v Van Erden*, 66 AD3d 1426, 1427, quoting *O'Rourke v Long*, 41 NY2d 219, 228). Thus, the court "should not have entertained [defendant's] motion at this juncture, and the case should have been referred to the Board for a determination" whether plaintiff has a valid cause of action for damages or whether he is limited to benefits under the Workers' Compensation Law (*Gullo v Bellhaven Ctr. for Geriatric &*

*Rehabilitative Care, Inc.*, 114 AD3d 905, 906-907).  We therefore reverse the order and remit the matter to Supreme Court to determine the motion after final resolution of a prompt application to the Board to determine plaintiff's rights, if any, to workers' compensation benefits (*see McGee*, 66 AD3d at 1427).

Entered:  November 20, 2015                     Frances E. Cafarell
                                                Clerk of the Court