■ In the Matter of the Claim of OTTO HAUFLER, Respondent, v. CAMBROOK FABRICS COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal by the employer and its carrier from a decision and award of benefits on the ground that the accident involved did not arise out of and in the course of employment. Claimant was an outside salesman whose territory was limited to New York City. On the morning of the day on which the accident occurred claimant had called on a client at 16th Street and Broadway. After finishing with this client he proceeded by subway to call on another customer. It was noon when he emerged from the subway and although he testified he had planned to have lunch at 2:00 P.M. with his employer's general manager, he felt hungry and noticing a cafeteria, which was directly on his way to his next stop, decided to enter for a quick lunch before calling on the client. As he did so he tripped on a wire injuring his left elbow. The board on the above facts held "that the claimant did not depart from his employment upon entering the restaurant, and that as an outside worker, it was a reasonable incident thereof." Appellants urge

that when claimant entered the cafeteria he left employment. This court in the recent case of *Matter of Relkin* v. *National Transp. Co.* (18 A D 2d 137, 138) established the following approach to the cases where employees are injured while getting meals or going for meals: "There is a general theory that when the meal is not on employer's premises and not furnished by the employer and follows a regular time the employment is deemed interrupted during the taking of the meal unless the claimant is traveling in the employer's business so far from home that the employer assumes responsibility substantially for all normal activities in the distant environment. But there is a group of cases in which liability has been imposed in the locality of employment and residence for a mealtime injury off employer's premises which can be rationalized with the underlying rule only by assuming that the time or place of the meal is somehow associated with or affected by the work itself, e.g., working after hours or under conditions of time or place which relate the time or place for the meal more or less directly to the work." On the instant record the board could properly find the meal in question was sufficiently closely related to the time and place of work and the promotion of the employer's business. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.