■ In the Matter of the Claim of LUANNE MEYER, Appellant, v WYOMING COUNTY HEALTH DEPARTMENT, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [611 NYS2d 320] — Appeal from a decision of the Workers' Compensation Board, filed January 5, 1993, which ruled that claimant's injury did not arise out of and in the course of her employment and denied her claim for workers' compensation benefits.

The Board found that claimant was returning to work from a personal errand on an unpaid lunch hour at the time of her accident and that she was also not subject to call at that time. Contrary to claimant's contentions, there is substantial evidence to support the Board's finding that claimant's accident did not arise out of and in the course of her employment. Its decision to disallow her claim for workers' compensation benefits must, therefore, be upheld.

Mikoll, J. P., Mercure, Crew III, Weiss and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.

■ JULIE INSKEEP et al., Respondents, v DAVID AGEE et al., Appellants. (And a Third-Party Action.) [612 NYS2d 964] —Appeal from an order of the Supreme Court (Plumadore, J.), entered September 16, 1993 in Saratoga County, which denied defendants' motion for summary judgment dismissing the complaint.

Plaintiffs commenced this personal injury action against defendants, their landlords, alleging that defendants negligently allowed an electrical wire to remain exposed in plaintiffs' apartment, causing injury to plaintiff Julie Inskeep when she received an electric shock upon touching the wire. Defendants' motion for summary judgment dismissing the complaint was denied. We agree with Supreme Court that questions of fact remain to be determined which preclude the grant of summary judgment.

Mikoll, J. P., Mercure, Crew III, Weiss and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.