■ SUSAN SPECTOR, Respondent, v CITY OF NEW YORK, Appellant. [666 NYS2d 122] —Order, Supreme Court, New York County (Jane Solomon, J.), entered June 3, 1996, which granted plaintiff's motion to dismiss an affirmative defense based on workers' compensation, and denied defendant's cross motion for summary judgment dismissing the action, unanimously reversed, on the law, without costs, the order vacated and the matter remanded to Supreme Court with direction to stay disposition of the motions until final resolution of plaintiff's right, if any, to recover benefits before the Workers' Compensation Board.

Plaintiff, an attorney employed by defendant, was injured at about the noon hour on October 19, 1996, when she allegedly tripped and fell on a defective sidewalk in lower Manhattan. In this ensuing negligence action, defendant raised, *inter alia*, the affirmative defense that the action was barred because workers' compensation was plaintiff's sole and exclusive remedy.

In deciding these motions, Supreme Court erroneously undertook to determine (in plaintiff's favor) the primary jurisdictional issue of whether her injury was outside the scope of compensation coverage because it occurred on her lunch hour (*see, Matter of Meyer v Wyoming County Health Dept.*, 203 AD2d 876), or whether she was acting within the scope of her employment in traveling between two separate offices of

her employer (*see, Matter of Haufler v Cambrook Fabrics Co.*, 20 AD2d 946). This is an issue over which the Workers' Compensation Board has primary jurisdiction. The motion court was not free to express its views on coverage pending a determination by the Workers' Compensation Board (*Botwinick v Ogden*, 59 NY2d 909; *cf., O'Rourke v Long*, 41 NY2d 219). Concur—Sullivan, J. P., Milonas, Wallach, Williams and Tom, JJ.