■ In the Matter of FRANCES PALERMO, Appellant, v NASSAU COUNTY MEDICAL CENTER, Respondent.—In a proceeding pursuant to CPLR article 78 to compel the respondent to grant the petitioner a rehearing on the issue of the termination of her employment, petitioner appeals (1) from a judgment of the Supreme Court, Nassau County, entered December 21, 1978, which dismissed the petition on the ground of petitioner's "inexcusable laches" and (2) as limited by her brief, from so much of an order of the same court, dated January 19, 1979, as, upon reargument, adhered to the original determination. Appeal from the judgment dismissed as academic. The judgment was superseded by the order granting reargument. Order affirmed insofar as appealed from. Respondent is awarded one bill of $50 costs and disbursements. In addition to the delay cited by Special Term, the record does not support petitioner's contention that the Workers' Compensation Board decision would be likely to change the result of the disciplinary proceeding. Consequently, the petition was properly dismissed. Lazer, J. P., Gibbons, Gulotta and Margett, JJ., concur.

■ In the Matter of LILLIAN REINSCHREIBER for the Judicial Dissolution of Eldorado Holding Corporation and Other Corporations. NATHAN SCHWEITZER & Co., INC., Appellant; JAMES NOLETTI, as Receiver, Respondent.—The appeals are from (1) an order of the Supreme Court, Westchester County, entered July 23, 1979, which, inter alia, enjoined the appellant from pursuing any legal action in connection with its claim against the receiver of certain corporations and (2) as limited by the appellant's brief, stated portions of a further order of the same court, entered September 27, 1979 which, inter alia, upon reargument adhered to its original determination. Appeal from order entered July 23, 1979 dismissed as academic. It was superseded by the order entered September 27, 1979. Order entered September 27, 1979 affirmed insofar as appealed from. The respondent is awarded one bill of $50 costs and disbursements. Special Term did not abuse its discretion in refusing permission to the appellant to sue the receiver. The appellant did not adduce prima facie evidence to show that the receiver improperly preferred creditors of the same class. Any promise the receiver may have made to the appellant guaranteeing payment independently of his statutory and fiduciary responsibilities was beyond the scope of his authority. While a detrimental reliance upon such a promise may be the basis for a cause of action against the receiver as an individual, no such showing has been made. Rabin, J. P., Cohalan, O'Connor and Weinstein, JJ., concur.