■ FREDERICKA SMALLS, Appellant-Respondent, v IRENE KAUFMANN, as Executrix of WALTER KAUFMANN, Deceased, Respondent-Appellant.—In an automobile negligence action to recover damages for personal injuries, (1) plaintiff appeals from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated September 19, 1984, as denied her cross motion to strike defendant's fourth affirmative defense of workers' compensation, and (2) defendant appeals from an order of the same court, dated September 24, 1984, as denied her motion for a stay of the trial of the action pending a final determination by the Workers' Compensation Board as to plaintiffs' eligibility for workers' compensation benefits.

Order dated September 19, 1984, reversed insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Queens County, with direction to refer the case to the Workers' Compensation Board for a factual hearing to determine the rights, if any, of plaintiff to benefits under the provisions of the Workers' Compensation Law. Order dated September 25, 1984, reversed, without costs or disbursements, defendant's motion granted and the trial of this action stayed pending determination by the Workers' Compensation Board as to whether plaintiff has a right to benefits, and thereafter, the determination by Special Term of plaintiff's cross motion to strike defendant's fourth affirmative defense.

By its own terms, the decision of the Workers' Compensation Judge did not constitute a final determination of the Workers' Compensation Board. Therefore, Trial Term properly denied plaintiff's cross motion to strike the workers' compensation defense. However, Trial Term erred in denying defendant's motion for a stay of the trial of this action pending a final determination by the Workers' Compensation Board as to plaintiffs' eligibility for workers' compensation benefits. "[P]rimary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board and it is therefore inappropriate for the courts to express views with respect thereto pending determination by the board" (*Botwinick v*

*Ogden,* 59 NY2d 909, 911; *O'Rourke v Long,* 41 NY2d 219).
Here, as in *Gyory v Radgowski* (89 AD2d 867, 869), "[t]he case
should be referred back to the Workers' Compensation Board
to hold a factual *hearing* at which evidence will be received,
and upon which the board can make a reasoned, factual
determination as to whether * * * [plaintiff] has a valid third-
party action or whether * * * [she] is relegated to benefits
under the Workers' Compensation Law" (*see also, Botwinick v
Ogden, supra; Peckham v Peckham Materials Corp.,* 102 AD2d
884). If the board should determine that plaintiff was not in
the course of her employment when the accident occurred,
then her cross motion to strike the fourth affirmative defense
of workers' compensation should be granted. In the event the
board determines, after a factual hearing, that plaintiff was in
the course of her employment when the accident occurred, the
action should be dismissed and plaintiff may pursue her
workers' compensation claim. Thompson, J. P., Niehoff, Law-
rence and Kunzeman, JJ., concur.