■ DAVID THOMPSON, Respondent, v GRUMMAN AEROSPACE CORPORATION, Appellant.—In a negligence action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (McCabe, J.), dated June 8, 1989, which denied its motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion to dismiss its affirmative defense that the action is barred by the Workers' Compensation Law.

Ordered that the order is reversed, on the law, without costs or disbursements, the defendant's motion is granted, the plaintiff's cross motion is denied, and the complaint is dismissed.

The plaintiff, an employee of Applied Transportation Service, Inc. (hereinafter ATS), was assigned to work at a facility owned by the defendant Grumman Aerospace Corporation (hereinafter Grumman) pursuant to a "Purchase Order"

agreement between ATS and Grumman. The agreement provided, *inter alia,* that "[a]ll persons employed by [ATS] and assigned to work under any Purchase Order shall at all times be employees of [ATS] and not of Grumman". The plaintiff was injured while working at the Grumman facility on December 17, 1986, and, after accepting workers' compensation benefits through his employment status with ATS, he commenced the instant action against Grumman to recover damages. Grumman alleged that the plaintiff was its special employee and asserted the plaintiff's acceptance of workers' compensation benefits as a bar to the action, moving for summary judgment on this ground. The plaintiff cross moved to dismiss the workers' compensation defense. The Supreme Court denied Grumman's motion and granted the plaintiff's cross motion, reasoning that the foregoing language in the contract between ATS and Grumman refuted Grumman's claim of a special employment relationship and established as a matter of law that the plaintiff was an employee of ATS only. We now reverse.

As we recently noted in *Cameli v Pace Univ.* (131 AD2d 419, 420): "[i]t is well settled that one who is in the general employ of one party may be in the special employ of another despite the fact that the general employer is responsible for the payment of wages, has the power to hire and fire, has an interest in the work performed by the employee, maintains workers' compensation for the employee, and provides some, if not all, of the employee's equipment * * * While there are many factors to consider in determining whether a special employment relationship exists, the key factor is the right to direct the work and the degree of control exercised over the employee".

In the case before us, the evidence demonstrates that Grumman had the authority to hire and to terminate the services of workers acquired pursuant to the purchase order agreement. More importantly, the plaintiff's own deposition testimony establishes that: immediately upon being hired by ATS, the plaintiff commenced working at the Grumman facility; he worked there exclusively for approximately one year before he was injured; he routinely reported to a Grumman foreman when starting each workday; he acknowledged this foreman as his "supervisor"; and his work duties and job performance were assigned, directed, supervised and overseen by this individual on a day-to-day basis. While the question of whether a special employment relationship exists is generally one of fact *(see, Matter of Abramson v Long Beach Mem. Hosp.,* 103 AD2d

866), the indicia of special employment in this case, including Grumman's comprehensive daily control of the plaintiff's work activities and the absence of any such control by ATS, establish as a matter of law that the plaintiff was in the special employ of Grumman *(see, Richiusa v Kahn Lbr. & Millwork Co.,* 148 AD2d 690; *Cameli v Pace Univ., supra; Doboshinski v Fuji Bank,* 78 AD2d 537), notwithstanding the language of the contract between ATS and Grumman. Accordingly, the instant action is barred by the plaintiff's acceptance of workers' compensation benefits. Sullivan, J. P., Miller, O'Brien and Ritter, JJ., concur.