■ MARITA MANETTA, Appellant, v TOWN OF HEMPSTEAD DAY CARE CENTER, INC., et al., Respondents. [669 NYS2d 901] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCaffrey, J.), entered December 26, 1996, which granted the defendants' cross motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the ground that it is barred by the exclusive remedy provision of Workers' Compensation Law § 11, and denied as moot the plaintiff's motion for a special trial preference pursuant to CPLR 3403 (a) (4).

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, with a direction to defer disposition of the motions until final resolution of a prompt application to the Workers' Compensation Board to determine the parties' rights under the Workers' Compensation Law.

The plaintiff, a volunteer teacher's aide in the Town of Hempstead Day Care Center, was injured when she slipped and fell, allegedly as a result of some water on the floor of the Center. The defendants moved to dismiss the complaint on the ground that the plaintiff was a "special employee" and that her exclusive remedy was Workers' Compensation. The Supreme Court agreed and dismissed the complaint. We now reverse.

A review of the record reveals that the plaintiff has never made a claim for Workers' Compensation Benefits for injuries arising from this accident (*cf., Thompson v Grumman Aerospace Corp.,* 166 AD2d 578, *affd* 78 NY2d 553). It is well settled that "primary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board and that it is therefore inappropriate for the courts to express views with respect thereto pending determination by the board" (*Botwinick v Ogden,* 59 NY2d 909, 911; *O'Rourke v Long,* 41 NY2d 219; *see also, Becker v Clarkstown Cent. School Dist.,* 157 AD2d 641).

Accordingly, the court should not have entertained the defendants' motion for summary judgment at this juncture,

and the case should have been referred to the Workers' Compensation Board for a factual determination as to whether the plaintiff has a valid claim for damages or whether she is relegated to benefits under the Workers' Compensation Law (*see, Smalls v Kaufmann*, 112 AD2d 986; *Gyory v Radgowski*, 89 AD2d 867). Miller, J. P., Ritter, Sullivan, Santucci and McGinity, JJ., concur.