■ HERIBERTO BOHORQUEZ, Appellant, v RIKUD REALTY, INC., Respondent. [720 NYS2d 831] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (G. Aronin, J.), dated May 4, 2000, as granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new determination on the defendant's cross motion after the final resolution of a prompt application to the Workers' Compensation Board to determine the parties' rights under the Workers' Compensation Law.

The plaintiff was allegedly injured while on the defendant's property, an apartment building in Brooklyn. The defendant contends that the plaintiff was employed full-time as the building superintendent and that his injuries arose out of this employment. The plaintiff denies that he was regularly employed by the defendant when the accident took place, and

further alleges that he was only visiting the building at that time. The Supreme Court granted the defendant's cross motion for summary judgment on the ground that Workers' Compensation is the plaintiff's exclusive remedy.

It is well settled that "primary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board and that it is therefore inappropriate for the courts to express views with respect thereto pending determination by the board" (*Botwinick v Ogden,* 59 NY2d 909, 911; *see, O'Rourke v Long,* 41 NY2d 219; *Manetta v Town of Hempstead Day Care Ctr.,* 248 AD2d 517).

Accordingly, the Supreme Court should have referred the case to the Workers' Compensation Board for a factual hearing upon which the Board can determine whether the plaintiff has a valid claim for damages or is relegated to Workers' Compensation benefits (*see, Hofrichter v North Shore Univ. Hosp.,* 271 AD2d 649). Santucci, J. P., Altman, Luciano and H. Miller, JJ., concur.