■ AUDLEY WHITE, Appellant, v MARRIOTT MANAGEMENT SERVICES, Respondent. [724 NYS2d 771] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rappaport, J.), dated December 13, 1999, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that it is barred by the Workers' Compensation Law.

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, with a direction to defer disposition of the motion until final resolution of a prompt application to the Workers' Compensation Board to determine the parties' rights under the Workers' Compensation Law.

The plaintiff, a building service housekeeper at the New York Hospital Medical Center of Queens (hereinafter the Hospital), was allegedly injured while using a "windblower" machine to dry the hospital's floors. The defendant, which manages the Hospital's housekeeping department, moved for summary judgment dismissing the complaint on the ground that the plaintiff was its special employee and thus, his exclusive remedy is Workers' Compensation benefits. The Supreme Court agreed and dismissed the complaint.

There has been no determination by the Workers' Compensation Board as to whether the plaintiff is entitled to Workers' Compensation benefits for his injuries (cf., Thompson v Grumman Aerospace Corp., 166 AD2d 578, affd 78 NY2d 553). It is well settled that "primary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board and that it is therefore inappropriate for the courts to express views with respect thereto pending determination by the board" (Botwinick v Ogden, 59 NY2d 909, 911; see also, O'Rourke v Long, 41 NY2d 219; see also, Manetta v Town of Hempstead Day Care Ctr., 248 AD2d 517; Becker v Clarkstown Cent. School Dist., 157 AD2d 641).

Accordingly, the Supreme Court should not have entertained the defendant's motion for summary judgment at this juncture, and the case should have been referred to the Workers' Compensation Board for a determination as to whether the plaintiff has a valid cause of action for damages or whether he is relegated to benefits under the Workers' Compensation Law (see, Manetta v Town of Hempstead Day Care Ctr., supra; Smalls v Kaufmann, 112 AD2d 986). O'Brien, J. P., S. Miller, Florio and Schmidt, JJ., concur.