■ In the Matter of DOUGLAS HOFSISS, Petitioner, v BOARD OF EDUCATION OF MAMARONECK UNION FREE SCHOOL DISTRICT et al., Respondents. [732 NYS2d 14] —Proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the Mamaroneck Union Free School District, dated September 28, 1999, which adopted the finding of a Hearing Officer, made after a hearing, that the petitioner was guilty of misconduct, and terminated his employment as a school custodian.

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, the petitioner is reinstated to his position as a school custodian with the Board of Education of the Mamaroneck Union Free School District, and the matter is remitted to the respondents for the calculation of back pay and benefits, if any, to which the petitioner may be entitled.

On February 3, 1999, the petitioner, a custodian employed by the Mamaroneck Union Free School District, was injured when a lighting fixture fell on his head, rendering him unconscious. Shortly after the accident, the petitioner applied for and began receiving workers' compensation benefits. The School District subsequently preferred a charge of misconduct against the petitioner, alleging that on May 11, 1999, while he was collecting workers' compensation benefits and was purportedly unable to work, he was observed engaging in activities which included painting the trim on a house. The charge of misconduct was based upon a videotape prepared by a private

detective hired by the School District to place the petitioner under surveillance. At the disciplinary hearing, the petitioner urged the Hearing Officer to dismiss the charge of misconduct on the ground that the Workers' Compensation Board had exclusive jurisdiction over the issue of whether the injuries sustained in the February 1999 accident prevented him from fully performing his duties as a custodian on May 11, 1999. However, the Hearing Officer rejected the petitioner's argument, concluding that the issue of whether he had committed misconduct by failing to return to work was distinct from the issue of whether he was entitled to continuing workers' compensation benefits. The Hearing Officer further found that the activities recorded on the videotape demonstrated that the petitioner was guilty of misconduct, and recommended dismissal. The School District adopted the Hearing Officer's recommendation, and terminated the petitioner's employment effective October 1, 1999. The petitioner thereafter commenced this proceeding to review the School District's determination.

The Hearing Officer properly rejected the petitioner's contention that the disciplinary charge should be dismissed because it invades the primary jurisdiction of the Workers' Compensation Board to determine his fitness to return to work. In support of this argument, the petitioner and our concurring colleague rely upon a line of cases which hold that "primary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board and * * * it is therefore inappropriate for the courts to express views with respect thereto pending determination by the board" (*Botwinick v Ogden,* 59 NY2d 909, 911; *see also, O'Rourke v Long,* 41 NY2d 219; *White v Marriott Mgt. Servs.,* 283 AD2d 639; *Melo v Jewish Bd. of Family & Children's Servs.,* 282 AD2d 440; *Spector v City of New York,* 245 AD2d 68; *Manetta v Town of Hempstead Day Care Ctr.,* 248 AD2d 517). However, these cases all involve disputes over whether an employer-employee relationship exists between the parties in tort actions, or whether an employee seeking tort damages was injured within the scope of his or her employment. Such matters are within the primary jurisdiction of the Workers' Compensation Board because compensation benefits are the exclusive remedy for employees injured within the scope of their employment, and an adjudication by the Board that an accident was work related, or that a particular defendant in a tort action is actually the plaintiff's employer, would preclude any recovery in a civil action (*see, O'Rourke v Long, supra,* at 226-227). Under such circumstances, "where the availability of [workers'] compensation

hinges upon the resolution of questions of fact or upon mixed questions of fact and law, the plaintiff may not choose the courts as the forum for the resolution of such questions" (*O'Rourke v Long, supra,* at 228).

In contrast, here the exclusivity provisions of the Workers' Compensation Law are not implicated because this is not a situation in which the petitioner seeks to recover tort damages for an employment related injury from his employer. Rather, the gravamen of the disciplinary charge against the petitioner is that he was no longer disabled from employment as of May 11, 1999, and that he committed misconduct by failing to return to work on and after this date. Although the Workers' Compensation Board has continuing jurisdiction to end or diminish compensation previously awarded (*see,* Workers' Compensation Law §§ 22, 123), this power does not preclude an employer from preferring disciplinary charges against an employee who has been found to have sustained a work-related injury, but has allegedly been derelict in returning to work and resuming his or her duties (*see, Matter of Palermo v Nassau County Med. Ctr.,* 74 AD2d 638). Regardless of whether the petitioner was receiving workers' compensation benefits, the School District would have the right to charge him with misconduct if he remained absent from work on sick leave while physically capable of performing his duties. We further note that while our concurring colleague has expressed concern that reversing a determination which is solely within the jurisdiction of the Workers' Compensation Board insulates the School District from review, in fact the School District's actions can be adequately reviewed in the context of this article 78 proceeding.

Although it was permissible for the School District to prefer a disciplinary charge against the petitioner, upon reviewing the record as a whole, we find that its determination that the petitioner committed misconduct is not supported by substantial evidence. "[S]ubstantial evidence consists of proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably-probatively and logically" (*300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181). Here, the charge of misconduct preferred against the petitioner was based upon a claim that he improperly failed to return to work after his accident although physically capable of resuming his duties as a school custodian. However, the only medical evidence presented at the hearing consisted of the testimony of the petitioner's treating neurologist, who con-

cluded that he was suffering from post concussion syndrome which was consistent with his complaints of dizziness, weakness, and fatigue. Furthermore, the surveillance videotape upon which the Hearing Officer relied in sustaining the charge did not establish that the petitioner was indeed capable of fully resuming his duties during an eight hour shift. Under these circumstances, there is no rational basis for the School District's finding that the petitioner committed misconduct by failing to return to work on May 11, 1999 (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, supra,* at 182; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). Krausman, J. P., Friedmann and Smith, JJ., concur.

Feuerstein, J., concurs in result only, with the following memorandum. I agree with the majority that the petition should be granted, however, only on the narrow basis that the determination by the respondents, the Board of Education of the Mamaroneck Union Free School District and the Mamaroneck Union Free School District (hereinafter the School District), to terminate the petitioner impermissibly invaded the primary jurisdiction of the Worker's Compensation Board.

The law is settled that "primary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board and that it is therefore inappropriate for the courts to express views with respect thereto pending determination by the board" (*Botwinick v Ogden,* 59 NY2d 909, 911; *see also, O'Rourke v Long,* 41 NY2d 219; *Manetta v Town of Hempstead Day Care Ctr.,* 248 AD2d 517; *Becker v Clarkstown Cent. School Dist.,* 157 AD2d 641). Here, the School District, by attempting to terminate the petitioner based upon evidence that he was not truly disabled as a result of the injury he received at work, circumvented the authority of the Workers' Compensation Board and its determination to award benefits. The School District's contention that the termination proceeding addressed a different issue than that before the Workers' Compensation Board is meritless. The School District's conclusion that the petitioner was not really disabled was the precise issue before the Workers' Compensation Board on the petitioner's claim for benefits. By instituting its own proceeding to terminate the petitioner, the School District was attempting to insulate itself from review. Therefore, by addressing the School District's determination on the merits, this Court is tacitly approving the circumvention of the Workers' Compensation Board's primary jurisdiction.

Further, I disagree that the above-cited cases are

distinguishable. It is true that the cases involved determinations of whether an employer-employee relationship existed and whether the claimant was injured in the scope of his or her employment. However, that does not change the fact that it is also within the Workers' Compensation Board's primary jurisdiction to determine who should or should not receive benefits (*see,* Workers' Compensation Law § 20). The School District should have presented its evidence to the Workers' Compensation Board (*see,* Workers' Compensation Law § 22) and then, assuming it received a favorable determination, initiated a proceeding to terminate the petitioner. Accordingly, I believe the School District's termination of the petitioner is improper unless the Worker's Compensation Board first determines that the petitioner's claim of disability is not legitimate.