■ DAVID M. KAYEN, Plaintiff, v SHAMES REALTY, LLC, et al., Appellants, and ELTON CONTRACTING, INC., Respondent. [751 NYS2d 234] —In an action to recover damages for personal injuries, the defendants Shames Realty, LLC and Electro Industries, a division of EI Electric, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court,

Nassau County (Bucaria, J.), entered December 20, 2001, as denied their motion for conditional summary judgment on their cross claim for common-law indemnification against the defendant Elton Contracting, Inc., and granted that branch of the cross motion of the defendant Elton Contracting, Inc., which was for summary judgment dismissing that cross claim.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new determination on the motion and cross motion following a prompt application to the Workers' Compensation Board to determine the parties' rights under the Workers' Compensation Law.

The plaintiff was hired by the defendant Elton Contracting, Inc. (hereinafter Elton), to perform interior renovations on premises leased by the defendant Electro Industries, a division of EI Electric, Inc., from the defendant Shames Realty, LLC (hereinafter collectively referred to as Shames/Electro). While working on the project, the plaintiff fell and was injured. Finding that the plaintiff was a special employee whose exclusive remedy was workers' compensation benefits, the Supreme Court denied the motion of Shames/Electro for conditional summary judgment on their cross claim against Elton for common-law indemnification, and granted Elton's motion for summary judgment dismissing, inter alia, that cross claim.

The plaintiff testified at a deposition that he had not filed for workers' compensation benefits. It is established that "primary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board and that it is therefore inappropriate for the courts to express views with respect thereto pending determination by the board" (*Botwinick v Ogden,* 59 NY2d 909, 911). Moreover, applicability of workers' compensation as the plaintiff's exclusive remedy depends upon the Workers' Compensation Board's determination of the plaintiff's entitlement to workers' compensation benefits (*see Liss v Trans Auto Sys.,* 68 NY2d 15, 21).

Accordingly, the Supreme Court should not have decided the respective motions for summary judgment of Elton and Shames/Electro, and the matter should be referred to the Workers' Compensation Board for a determination as to whether the plaintiff was a special employee of Elton (*see White v Marriott Mgt. Servs.,* 283 AD2d 639; *Melo v Jewish Bd. of Fam. & Children's Servs.,* 282 AD2d 440; *Bohorquez v Rikud Realty,* 280 AD2d 628; *Galdemis v Brook,* 273 AD2d 352; *Hofrichter v North Shore Univ. Hosp. at Syosset,* 271 AD2d 649; *Manetta v Town of Hempstead Day Care Ctr.,* 248 AD2d 517).

In light of our determination, we do not reach the parties' remaining contentions. Feuerstein, J.P., McGinity, Luciano and Schmidt, JJ., concur.