■ MARIA-ELENA SANTIGATE et al., Appellants, v MICHAEL LINSALATA et al., Respondents. [759 NYS2d 100] —In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Floyd, J.), dated February 6, 2002, which denied their motion to dismiss the defendants' fourth affirmative defense, and granted the defendants' cross motion for summary judgment dismissing the complaint on the basis of that defense.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination of the motion and cross motion following a prompt application to the Workers' Compensation Board to determine the parties' rights under the Workers' Compensation Law.

The injured plaintiff, a student at Dowling College, was

injured while serving as a student teacher in a high school operated by the defendant Half Hollow Hills Central School District. The relevant statutes (*see e.g.* Workers' Compensation Law § 2 [4]; § 3 [1] [Group 20-a], [Group 22]) are not so clear as to warrant the conclusion that, as a matter of law, the plaintiff was an employee of the defendant Half Hollow Hills Central School District so as to preclude her from bringing an action at law against that defendant (*see* Workers' Compensation Law §§ 11, 29 [6]). Because the relevant statutes are less than explicit in defining whether the plaintiff was an employee for the purpose of rendering her eligible for workers' compensation benefits, "the appropriate course [is] to await a conclusive determination by the Work[er]'s Compensation Board" (*O'Rourke v Long,* 41 NY2d 219, 224 [1976]; *cf. Matter of Scatola,* 257 App Div 471 [1939], *affd* 282 NY 689 [1940]; *see also Botwinick v Ogden,* 59 NY2d 909 [1983]; *Kayen v Shames Realty,* 298 AD2d 362 [2002]; *White v Marriott Mgt. Servs.,* 283 AD2d 639 [2001]; *Melo v Jewish Bd. of Family & Children's Servs.,* 282 AD2d 440 [2001]; *Bohorquez v Rikud Realty,* 280 AD2d 628 [2001]; *Manetta v Town of Hempstead Day Care Ctr.,* 248 AD2d 517 [1998]).

The question whether a particular person is an employee within the meaning of the workers' compensation statutes is "usually * * * a question of fact to be resolved by the [Workers'] Compensation Board" (*O'Rourke v Long, supra* at 224, *citing Matter of Gordon v New York Life Ins. Co.,* 300 NY 652 [1950]; *see also Firestein v Kingsbrook Jewish Med. Ctr.,* 137 AD2d 34, 41 [1988]). In deciding a motion addressed to the validity of a workers' compensation defense interposed by a defendant in a personal injury action, a court may properly decide the question of the plaintiff's eligibility for workers' compensation benefits only where the applicable statutes are unambiguous, and where such question is therefore one of pure law (*see O'Rourke v Long, supra* at 224).

We reject the approach, reflected in certain prior cases (*e.g. Croston v Montefiore Hosp.,* 229 AD2d 330 [1996]; *Olsson v Nyack Hosp.,* 193 AD2d 1006 [1993]; *Galligan v St. Vincent's Hosp.,* 28 AD2d 592 [1967]), according to which a court may make such a determination, without deference to the Workers' Compensation Board's primary jurisdiction (*see Botwinick v Ogden, supra; Kayen v Shames Realty, supra; White v Marriott Mgt. Servs., supra*), based on its own assessment of the facts, or based on its own balancing of various factors, rather than as a pure question of law. Such an approach has been described by the Court of Appeals as "inappropriate" (*Botwinick v Ogden,*

*supra* at 911; *see also Kayen v Shames Realty, supra; White v Marriott Mgt. Servs., supra*). In any event, the present case is distinguishable on its facts from *Croston v Montefiore Hosp. (supra), Olsson v Nyack Hosp. (supra)*, and *Galligan v St. Vincent's Hosp. (supra)*.

·The record does not support the plaintiffs' argument that the defendants wilfully refused to provide pretrial disclosure, or failed to serve a bill of particulars as to their fourth affirmative defense, under circumstances that would warrant either the extreme sanction of striking their fourth affirmative defense or precluding them from offering evidence in support of that defense (*see* CPLR 3126; *cf. Kihl v Pfeffer,* 94 NY2d 118 [1999]).

For the foregoing reasons, the Supreme Court should not have determined whether the injured plaintiff is covered by the Workers' Compensation Law, and should have instead deferred decision on the motion and cross motion pending a prompt application for benefits under that law, and resolution of that application (*see Kayen v Shames Realty, supra*). Prudenti, P.J., Ritter, Feuerstein and Adams, JJ., concur.