■ ROBERT AUGUSTINE, Respondent, v JOHN N. SUGRUE, Appellant, and GEORGE EYTZINGER et al., Respondents. [759 NYS2d 181] —In an action to recover damages for personal injuries, the defendant John N. Sugrue appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), entered August 29, 2002, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the motion after final resolution of a prompt application to the Workers' Compensation Board to determine the parties' rights under the Workers' Compensation Law.

The plaintiff Robert Augustine commenced this action to recover damages for injuries allegedly sustained as a result of a multiple-vehicle accident. At the time of the accident, the plaintiff was a passenger in a truck owned and operated by the defendant John N. Sugrue. The plaintiff and Sugrue were employees of Con Edison. At the time of the accident, the plaintiff and Sugrue were traveling to the Con Edison Learning Center to participate in employee training. A vehicle operated by the defendant George Eytzinger crashed into the rear of the vehicle operated by Sugrue. The impact of the collision propelled Sugrue's vehicle forward into the vehicle operated by the defendant Andrew W. Novak. Sugrue moved for summary judgment on the ground that the plaintiff's accident arose out of and in the course of his employment and, thus, his exclusive remedy was workers' compensation benefits. The Supreme Court denied the motion, finding the existence of a triable issue of fact as to whether the plaintiff's accident was covered by the Workers' Compensation Law. Sugrue appeals.

There has been no determination by the Workers' Compensation Board as to whether the plaintiff is entitled to workers' compensation benefits for his injuries (cf. Thompson v Grumman Aerospace Corp., 166 AD2d 578 [1990], affd 78 NY2d 553 [1991]). It is well settled that "primary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board and that it is therefore inappropriate for the courts to express views with respect thereto pending determination by the board" (Botwinick v Ogden, 59 NY2d 909, 911 [1983]; see O'Rourke v Long, 41 NY2d 219 [1976]; see also White v Marriott Mgt. Servs., 283 AD2d 639 [2001]; Manetta v Town of Hempstead Day Care Ctr., 248 AD2d 517 [1998]).

Accordingly, the Supreme Court should not have decided Sugrue's motion for summary judgment at this juncture, and the case must be referred to the Workers' Compensation Board to determine whether the plaintiff has a valid cause of action against Sugrue for damages, or whether he is relegated to benefits under the Workers' Compensation Law (*see White v Marriott Mgt. Servs., supra; Manetta v Town of Hempstead Day Care Ctr., supra; Smalls v Kaufmann,* 112 AD2d 986 [1985]). Prudenti, P.J., Feuerstein, McGinity and Adams, JJ., concur.