■ SEGUNDO QUIZHPI, Respondent, v TJERNLUND PRODUCTS, INC., et al., Defendants, and THE SEAFOOD PEDDLER OF NEW YORK, INC., et al., Appellants. (And a Third-Party Action.) [766 NYS2d 342] —Order, Supreme Court, Bronx County (Dianne Renwick, J.), entered August 26, 2002, which, to the extent appealed from, denied the motion of defendants The Seafood Peddler of New York, Inc. and Food and Beverage Associates for summary judgment dismissing the complaint, without prejudice to renewal following a determination by the Workers' Compensation Board as to whether plaintiff is relegated to the benefits of the Workers' Compensation Law, unanimously affirmed, without costs.

Since defendants-appellants failed to establish as a matter of law that plaintiff was employed by either or both of them, and since the identity of the employer is subject to the primary jurisdiction of the Workers' Compensation Board, which had not yet made that determination (*see Botwinick v Ogden*, 59 NY2d 909, 911 [1983]; *White v Marriott Mgt. Servs.*, 283 AD2d 639

[2001]), dismissal would be premature (*see O'Rourke v Long*, 41 NY2d 219 [1976]).

The motion was also properly denied in light of the fact that plaintiff alleges that defendants-appellants committed an intentional tort, which would bring plaintiff within an exception to the exclusivity of the workers' compensation remedy (*see Acevedo v Consolidated Edison Co.*, 189 AD2d 497, 500-501 [1993], *lv dismissed* 82 NY2d 748 [1993]). A determination of whether that cause of action should be dismissed cannot be made until discovery is completed. Concur—Nardelli, J.P., Mazzarelli, Ellerin and Gonzalez, JJ.