■ In the Matter of JERRY CESTARE, Petitioner, v TOWN OF ISLIP et al., Respondents. [824 NYS2d 425]—Proceeding pursuant to CPLR article 78 to review a determination of the Town of Islip dated February 10, 2005, which adopted the recommendation of a hearing officer dated February 1, 2005, made after a hearing, finding the petitioner guilty of misconduct and terminating his employment as a Park Ranger II with the Town of Islip Department of Code Enforcement.

Adjudged that the petition is granted, on the law, with costs,

the determination is annulled, the charge is dismissed, the petitioner is reinstated to his position as a Park Ranger II with the Town of Islip Department of Code Enforcement, and the matter is remitted to the respondents for the calculation of back pay and benefits owed to the petitioner.

The petitioner was served with disciplinary charges pursuant to Civil Service Law § 75 alleging that he "engaged in misconduct by accepting salary payments from the Town [of Islip] to which he was not entitled." Following a hearing, the Deputy Commissioner of the Town of Islip, Department of Parks, Recreation & Cultural Affairs, upon designation by the Commissioner of the Department of Code Enforcement, adopted the recommendation of a hearing officer, found the petitioner guilty of misconduct, and terminated his employment. The petitioner contends, inter alia, that the record lacked substantial evidence to support this determination. We agree.

Under the facts of this case, the determination that the petitioner engaged in misconduct was not supported by substantial evidence (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181-182 [1978]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]; Matter of Hofsiss v Board of Educ. of Mamaroneck Union Free School Dist., 287 AD2d 566, 569 [2001]).

In light of the foregoing, we need not consider the petitioner's remaining contentions. Adams, J.P., Rivera, Skelos and Lifson, JJ., concur.