■ ROBERT AUGUSTINE, Appellant, v JOHN N. SUGRUE, Respondent, et al., Defendants. [831 NYS2d 424]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated December 22, 2005, as granted that branch of the motion of the defendant John N. Sugrue which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this negligence action against, among others, the defendant John N. Sugrue, seeking to recover damages arising from a multi-vehicle accident. By order dated August 29, 2002, the Supreme Court, inter alia, denied that branch of the motion of the defendant John N. Sugrue which was for summary judgment dismissing the complaint insofar as asserted against him, holding that there were triable issues of fact as to whether the plaintiff's accident occurred in the course of his employment. By decision and order dated May 12, 2003 [305 AD2d 437], this Court reversed and remitted the matter to the Supreme Court for a new determination of that branch of the motion after a final resolution of the plaintiff's application to the Worker's Compensation Board to determine the parties' rights under the Workers' Compensation Law. In a decision dated July 6, 2005 the Worker's Compensation Board, inter alia, found that the plaintiff's claim against Sugrue was subject to the Workers' Compensation Law. Thereafter, the Supreme Court granted that branch of the motion of the defendant John N. Sugrue which was for summary judgment dismissing the complaint insofar as asserted against him on the ground that it was barred by the exclusivity provisions of the Worker's Compensation Law. We affirm.

In support of his motion for summary judgment, Sugrue demonstrated, prima facie, that the plaintiff's exclusive remedy as against him was workers' compensation benefits (see Workers' Compensation Law § 29 [6]; Macchirole v Giamboi, 97 NY2d 147 [2001]; Matter of Neacosia v New York Power Auth., 85 NY2d 471, 475 [1995]; Haight v Ordez, 24 AD3d 508, 508-509 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. Thus, that branch of Sugrue's motion which was for summary judgment dismissing the complaint insofar as asserted against him was properly granted.

The plaintiff's remaining contentions are without merit. Spolzino, J.P., Ritter, Lunn and Angiolillo, JJ., concur.