■ MIQUEIAS NUNES, Appellant, v WINDOW NETWORK, LLC, Respondent. [863 NYS2d 815]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered

June 28, 2007, as granted the defendant's motion for summary judgment dismissing the complaint on the ground that it was barred by the exclusivity provisions of the Workers' Compensation Law.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new determination of the motion after final resolution of a prompt application to the Workers' Compensation Board to determine the parties' rights under the Workers' Compensation Law.

"[P]rimary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board and . . . it is therefore inappropriate for the courts to express views with respect thereto pending determination by the board" (*Botwinick v Ogden,* 59 NY2d 909, 911 [1983]). Where the availability of workers' compensation benefits hinges upon questions of fact or upon mixed questions of fact and law, the parties may not choose the courts as the forum for resolution of the questions, but must look to the Workers' Compensation Board for such determinations (*see O'Rourke v Long,* 41 NY2d 219 [1976]).

The question of whether a particular person is an employee within the meaning of the Workers' Compensation Law is usually a question of fact to be resolved by the Workers' Compensation Board (*see Santigate v Linsalata,* 304 AD2d 639 [2003]). In this case, although the plaintiff identified himself at his deposition as an employee of the defendant, the deposition testimony of a principal of the defendant tended to negate such a finding. Thus, it would be inappropriate to determine that the plaintiff's self-described status as an employee of the defendant is binding upon him, especially since he does not speak English. Under these circumstances, contrary to the Supreme Court's determination, there is a question of fact as to whether the plaintiff has a valid negligence cause of action against the defendant, or if he is relegated to benefits under the Workers' Compensation Law. That determination must be made in the first instance by the Workers' Compensation Board (*see Augustine v Sugrue,* 305 AD2d 437 [2003]; *Melo v Jewish Bd. of Family & Children's Servs.,* 282 AD2d 440 [2001]; *Hofrichter v North Shore Univ. Hosp. at Syosset,* 271 AD2d 649 [2000]; *Manetta v Town of Hempstead Day Care Ctr.,* 248 AD2d 517 [1998]; *Arvatz v Empire Mut. Ins. Co.,* 171 AD2d 262 [1991]). Lifson, J.P., Ritter, Dillon and Leventhal, JJ., concur.