■ MICHAEL O'HURLEY-PITTS, Appellant, v DIOCESE OF ROCKVILLE CENTRE et al., Respondents. [869 NYS2d 185]—

Pursuant to a contract with the defendant Church of Saint Mary (hereinafter the church), the plaintiff "fulfill[ed] the duties normally ascribed to the Director of Development" for an eight-month period commencing on February 1, 2005. On June 8, 2005, the plaintiff slipped on a puddle of water on church premises and fell to the floor. The plaintiff never applied for, and never received, workers' compensation benefits.

The plaintiff commenced this action against the church and the Diocese of Rockville Centre to recover damages for the injuries he allegedly sustained as a result of his fall. The defendants moved for summary judgment dismissing the complaint. The Supreme Court concluded that, contrary to the defendants' contention, there were triable issues of fact as to whether church employees created or had actual or constructive

notice of the allegedly defective condition that caused the plaintiff's accident. The court, however, granted the defendants' motion for summary judgment on the ground that the plaintiff was a special employee of the church, and thus was barred from recovery pursuant to Workers' Compensation Law § 11. The plaintiff appeals.

The record demonstrates that on the day of the plaintiff's accident church employees were repairing an air conditioning unit, that the puddle of water on which the plaintiff slipped was in the location where that work had been performed, and that church employees were aware of water leaks resulting from the air conditioning work. Thus, the defendants failed to establish the absence of a triable issue of fact as to whether church employees created or had actual or constructive notice of the allegedly defective condition (*see Greenstein v R & R of G.C., Inc.*, 50 AD3d 637 [2008]; *Panetta v Phoenix Beverages, Inc.*, 29 AD3d 659 [2006]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), and the Supreme Court correctly determined that they were not entitled to summary judgment on that ground.

There has been no determination by the Workers' Compensation Board as to whether the plaintiff is entitled to workers' compensation benefits for his injuries (*cf. Thompson v Grumman Aerospace Corp.*, 78 NY2d 553 [1991]). The Court of Appeals has held that the Workers' Compensation Board "has primary jurisdiction over the issue of the availability of [workers' compensation] coverage," and if a plaintiff fails to litigate that issue before the Board, "the court should not express an opinion as to the availability of compensation but remit the matter to the Board," since "[t]he compensation claim is a jurisdictional predicate to the civil action" (*Liss v Trans Auto Sys.*, 68 NY2d 15, 21 [1986]; *see Botwinick v Ogden*, 59 NY2d 909 [1983]; *O'Rourke v Long*, 41 NY2d 219 [1976]). Accordingly, in considering the defendants' motion, the Supreme Court should not have entertained their contention that the plaintiff was barred from recovery pursuant to Workers' Compensation Law § 11. The case must be referred to the Workers' Compensation Board for a determination as to whether the plaintiff has a valid cause of action for damages or whether he is relegated to benefits under the Workers' Compensation Law (*see Kayen v Shames Realty*, 298 AD2d 362 [2002]; *White v Marriott Mgt. Servs.*, 283 AD2d 639 [2001]; *Manetta v Town of Hempstead Day Care Ctr.*, 248 AD2d 517 [1998]). Prudenti, P.J., Skelos, Covello and Balkin, JJ., concur.