RUBEN BASTIDAS, Respondent, v EPIC REALTY, LLC, et al., Appellants. [872 NYS2d 481]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Balter, J.), dated February 13, 2008, as denied that branch of their motion which was, in effect, to refer issues concerning the plaintiff's employment status to the Workers' Compensation Board for determination.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured on May 28, 2004, when he fell from a ladder while working in an apartment owned by the defendant Epic Realty, LLC (hereinafter Epic), and managed by the defendant Pine Management, Inc. (hereinafter Pine). The plaintiff filed a claim for workers' compensation benefits in December 2004 naming "Andy Construction" as his employer. Finding that "Andy Construction" may have no coverage, the Workers' Compensation Board (hereinafter the Board) scheduled

a hearing for October 5, 2006. The Board subpoenaed Pine to appear at the hearing and notified Epic of the hearing. Neither Epic nor Pine asserted before the Board that it was the plaintiff's employer. The Board subsequently determined that Andy Construction was not an insured entity, and closed the case on June 28, 2007, due to the plaintiff's failure to pursue it.

When this matter came on for trial, four months later, the defendants sought to refer issues concerning the plaintiff's employment status to the Workers' Compensation Board, asserting that the primary jurisdiction of the Board to determine whether the plaintiff had been in their employ on the date of his accident could not be defeated by the plaintiff's failure to pursue his claim before that body (*see* Workers' Compensation Law §§ 11 and 29 [6]; *Thompson v Grumman Aerospace Corp.,* 78 NY2d 553, 560 [1991]). The Supreme Court denied that branch of the defendants' motion which was, in effect, to refer the matter to the Board.

The Workers' Compensation Board has primary jurisdiction to determine factual issues concerning coverage under the Workers' Compensation Law (*see Botwinick v Ogden,* 59 NY2d 909, 911 [1983]; *Nunes v Window Network, LLC,* 54 AD3d 834 [2008]; *Santigate v Linsalata,* 304 AD2d 639, 640 [2003]). Where "a plaintiff fails to litigate that issue before the Board, 'the court should not express an opinion as to the availability of compensation but remit the matter to the Board' " (*O'Hurley-Pitts v Diocese of Rockville Centre,* 57 AD3d 633, 634 [2008], quoting *Liss v Trans Auto Sys.,* 68 NY2d 15, 21 [1986]). Here, however, it was not the plaintiff who failed to litigate the compensation issue before the Board. Rather, it was the defendants, who, although present before the Board, failed to assert, as they do now, that either was the plaintiff's employer. Moreover, although in answering the complaint the defendants raised the exclusivity provision of Workers' Compensation Law § 29 (6) as an affirmative defense, they did not otherwise assert, during the course of the litigation or in support of their motion, that they employed the plaintiff on the date of his accident. In fact, in a prior appeal from an order denying that branch of their motion which was for summary judgment dismissing the plaintiff's Labor Law cause of action, the defendants had argued affirmatively that they did not employ the plaintiff and that he was a mere volunteer (*see Bastidas v Epic Realty, LLC,* 47 AD3d 861, 862 [2008]). Under these particular circumstances, the defendants were not entitled to raise the primary jurisdiction of the Workers' Compensation Board on the eve of trial and the Supreme Court may properly consider the employment issues

raised in connection with the plaintiff's Labor Law cause of action (*see Reliance Ins. Co. of N.Y. v Garsart Bldg. Corp.,* 122 AD2d 128, 131-132 [1986]). Spolzino, J.P., Florio, McCarthy and Dickerson, JJ., concur.