■ LMK Psychological Service, P.C., et al., Appellants, v American Transit Insurance Co., Respondent. [882 NYS2d 719]—

In an action to recover no-fault medical payments under certain contracts of insurance, the plaintiffs appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered January 16, 2008, as denied their motion for summary judgment on the complaint and granted those branches of the defendant's cross

motion which were for summary judgment dismissing the first, third, fourth, fifth, sixth, eighth, ninth, tenth, eleventh, twelfth, fourteenth, fifteenth, and sixteenth causes of action, and (2) from so much of an order of the same court entered July 2, 2008, as, upon reargument, adhered to the original determination in the order entered January 16, 2008.

Ordered that appeal from the order entered January 16, 2008, is dismissed, as that order was superseded by the order entered July 2, 2008, made upon reargument; and it is further,

Ordered that the order entered July 2, 2008, is modified, on the law, by deleting the provisions thereof, upon reargument, adhering to the original determination in the order entered January 16, 2008, granting those branches of the defendant's cross motion which were for summary judgment dismissing the first, third, fourth, fifth, sixth, eighth, ninth, tenth, eleventh, twelfth, fourteenth, fifteenth, and sixteenth causes of action, and substituting therefor a provision, upon reargument, vacating so much of the order entered January 16, 2008, as granted those branches of the cross motion; as so modified, the order entered July 2, 2008, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a new determination of those branches of the cross motion following a prompt application to the Workers' Compensation Board to determine the parties' rights under the Workers' Compensation Law.

The plaintiffs, as assignees of no-fault benefits (*see* Insurance Law § 5101 *et seq.*), brought this action to recover for health services rendered to the beneficiaries of the defendant's no-fault insurance contracts. Each assignor received medical treatment from the plaintiffs following separate automobile accidents. The complaint contained 17 causes of action. The plaintiffs moved for summary judgment on the complaint and the defendant cross-moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court, inter alia, denied the plaintiffs' motion, and granted those branches of the defendant's cross motion which were to dismiss the first, third, fourth, fifth, sixth, eighth, ninth, tenth, eleventh, twelfth, fourteenth, fifteenth, and sixteenth causes of action. The court concluded that, because the assignors in the aforementioned causes of action were injured during the course of their respective employment, the plaintiffs were barred from recovery pursuant to Workers' Compensation Law § 11. The plaintiffs moved, and the defendant cross-moved, for leave to reargue. Upon reargument, the court adhered to its original determination. We modify.

There has been no determination by the Workers' Compensa-

tion Board as to whether the assignors are entitled to Workers' Compensation benefits for their injuries (*see Nunes v Window Network, LLC*, 54 AD3d 834, 835 [2008]; *cf. Thompson v Grumman Aerospace Corp.*, 78 NY2d 553 [1991]). The Workers' Compensation Board has primary jurisdiction to determine factual issues concerning coverage under the Workers' Compensation Law (*see Botwinick v Ogden*, 59 NY2d 909, 911 [1983]; *Bastidas v Epic Realty, LLC*, 58 AD3d 776 [2009]; *Santigate v Linsalata*, 304 AD2d 639, 640 [2003]). Where "a plaintiff fails to litigate that issue before the Board, 'the court should not express an opinion as to the availability of compensation but remit the matter to the Board' " (*O'Hurley-Pitts v Diocese of Rockville Ctr.*, 57 AD3d 633, 634 [2008], quoting *Liss v Trans Auto Sys.*, 68 NY2d 15, 21 [1986]). Accordingly, in considering the defendant's cross motion, the Supreme Court should not have entertained the defendant's contention that the plaintiffs were barred from recovery pursuant to Workers' Compensation Law § 11. Those claims must be referred to the Workers' Compensation Board for a determination as to whether the plaintiffs have a valid cause of action to recover no-fault benefits, or whether they are relegated to benefits under the Workers' Compensation Law (*cf. O'Hurley-Pitts v Diocese of Rockville Ctr.*, 57 AD3d at 634; *Nunes v Window Network, LLC*, 54 AD3d at 835).

The Supreme Court properly denied the plaintiffs' motion for summary judgment on the complaint, as the plaintiffs failed to demonstrate, prima facie, their entitlement to judgment as a matter of law.

The plaintiffs' remaining contentions either are without merit or have been rendered academic in light of our determination. Skelos, J.P., Santucci, Balkin and Leventhal, JJ., concur.