■ Moussa Sangare, Respondent, v Nancy M. Edwards, as Article 81 Guardian of the Person and Property of John Edwards, an Incapacitated Person, Defendant, and Dermer Management Company, Appellant. [937 NYS2d 32]—

Plaintiff Sangare is the superintendent of a residential building located at 514 Broadway and owned by Soho Plaza Corporation (Soho). Defendant Dermer is the managing agent of the

property. On September 19, 2007, plaintiff was injured when defendant Edwards, owner of a cooperative unit in the building, allegedly ran toward him and hit him in his back with a box of magazines while plaintiff was mopping the floor of the lobby. Plaintiff was hospitalized and ultimately required back surgery. Although plaintiff was injured on the job, he never applied for workers' compensation since his employer, Soho, continued to pay his full salary while providing him with an assistant to handle his more strenuous duties.

Plaintiff commenced an action alleging assault and battery against Edwards, and negligence against Dermer, contending that Dermer knew or should have known of Edwards's violent tendencies. Dermer amended its answer to include a workers' compensation defense, asserting that as a special employee of Dermer, plaintiff's sole and exclusive remedy was workers' compensation. Dermer did not otherwise raise or pursue the workers' compensation issue during the course of the litigation.

Following discovery, by order to show cause, Dermer moved to refer the matter to the Workers' Compensation Board (WCB) for a determination as to whether plaintiff was the special employee of Dermer, and to stay the proceedings pending such determination. Plaintiff opposed the motion, arguing, inter alia, that the motion was untimely, and, in any event, that plaintiff was the employee of Soho, not Dermer.

The court denied the motion, noting that it was "not obligated in all cases to defer to the WCB's primary jurisdiction by referring employment issues to the WCB." The court declined to reach the merits of Dermer's status as a special employer, since the issue was not before it, and the time to make a summary judgment motion had expired. The court stated that it was unwilling to further delay this case "on the eve of trial" by referring the matter to the WCB so that Dermer could obtain what it had failed to timely seek before the court, namely, a summary determination of its fourth affirmative defense.

We agree that under the particular circumstances of this case, referral was not indicated, and now affirm. We note, as an initial matter, that the compensation issue was never litigated before the Board because plaintiff, while working a reduced schedule following the incident, continued to receive his full salary and benefits from Soho. Dermer, other than asserting the workers' compensation statute as an affirmative defense in its answer, failed to raise the issue during the entire course of the litigation, and indeed, only raised the issue on the eve of trial, when discovery was complete and the time for making summary judgment motions had expired. The court aptly noted that Dermer

was attempting to obtain via this motion relief it could no longer obtain by motion for summary judgment. Dermer may not, at this belated juncture, invoke the primary jurisdiction of the WCB as a means of further delaying the litigation (*see Bastidas v Epic Realty, LLC*, 58 AD3d 776 [2009]). Concur—Mazzarelli, J.P., Saxe, Acosta, DeGrasse and Manzanet-Daniels, JJ. **[Prior Case History: 2011 NY Slip Op 31373(U).]**