■ ROBERTTA OVENSERI, Respondent, v ST. BARNABAS HOSPITAL, Appellant. [941 NYS2d 499]—

Appeals from order, Supreme Court, Bronx County (Robert E. Torres, J.), entered March 15, 2011, which, among other things, stayed all proceedings in this action for 90 days pending a determination by the Workers' Compensation Board regarding plaintiff's status at the time of the alleged accident, and order, same court and Justice, entered July 19, 2011, which denied as moot defendant's motion to modify the order entered March 15, 2011 by, among other things, deleting the 90-day limit on the stay, unanimously dismissed, without costs, as moot. Order, same court and Justice, entered December 2, 2011, which, to the extent appealed from as limited by the briefs, denied defendant's motion to stay all proceedings in this action pending its appeal of the Board's determination, and thereupon denied its motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff, a participant in an out-patient program conducted on premises under the control of defendant hospital, alleges that she was injured when she slipped on a wet floor while she was voluntarily assisting during the program's coffee break.

Defendant is not entitled to a stay of the proceedings in this action pending a determination of its appeal by the Board. Indeed, the matter should not have been referred to the Board, as defendant failed to raise the workers' compensation defense until its eve-of-trial application for a stay, after the time for making summary judgment motions had expired (*see Shine v Duncan Petroleum Transp.*, 60 NY2d 22, 27-28 [1983]; *Sangare v Edwards*, 91 AD3d 513 [2012]). Nor should plaintiff's case be dismissed for her purported failure to timely file a workers' compensation claim. Defendant never raised this argument before the motion court, and it expressly waived the argument in its appeal of the Board's determination denying as time-barred any claim for workers' compensation benefits.

Defendant's appeals from the orders entered March 15, 2011 and July 19, 2011 have been rendered moot by the Board's determination. Concur—Andrias, J.P., Friedman, Acosta, Freedman and Richter, JJ.