In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk *906 County (Whelan, J.), dated October 11, 2012, which granted the motion of the defendants Bellhaven Center for Geriatric and Rehabilitative Care, Inc., also known as Bellhaven Nursing Center, and “ABC” Corporation, also known as Bellhaven Nursing Center, for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination of the motion after final resolution of a prompt application to the Workers’ Compensation Board to determine the parties’ rights under the Workers’ Compensation Law.
The plaintiff Lenny Gullo (hereinafter Gullo) is employed by the respondents. In 2005, approximately one year into his employment, Gullo underwent a routine employee blood test, which tested positive for the Hepatitis C antibody. Gullo was not informed of the test results and only learned, in 2009, that he suffered from Hepatitis C.
Gullo, with his wife and daughter, commenced this action against the respondents, among others, alleging damages resulting from the delay in diagnosing his condition allegedly caused by the respondents’ failure to disclose his test results. The respondents moved for summary judgment dismissing the complaint insofar as asserted against them, solely on the ground that the Workers’ Compensation Law provided the exclusive remedy for the damages alleged in the complaint. The Supreme Court agreed, and granted the motion.
“The Court of Appeals has held that the Workers’ Compensation Board [hereinafter the Board] ‘has primary jurisdiction over the issue of the availability of [workers’ compensation] coverage,’ and if a plaintiff fails to litigate that issue before the Board, ‘the court should not express an opinion as to the availability of compensation but remit the matter to the Board,’ since ‘[t]he compensation claim is a jurisdictional predicate to the civil action’ ” (O’Hurley-Pitts v Diocese of Rockville Ctr., 57 AD3d 633, 634 [2008], quoting Liss v Trans Auto Sys., 68 NY2d 15, 21 [1986]; see Botwinick v Ogden, 59 NY2d 909, 911 [1983]; O’Rourke v Long, 41 NY2d 219 [1976]; Augustine v Sugrue, 305 AD2d 437 [2003]; Kayen v Shames Realty, 298 AD2d 362 [2002]; White v Marriott Mgt. Servs., 283 AD2d 639 [2001]). Here, the record does not disclose whether Gullo has filed a claim with the Board. Regardless, it is undisputed that there has been no determination by the Board as to whether Gullo is entitled to Workers’ Compensation benefits for his injuries. Accordingly, the Supreme Court should not have entertained the respon *907 dents’ motion at this juncture, and the case should have been referred to the Board for a determination as to whether the plaintiffs have a valid cause of action for damages or whether Gullo is limited to benefits under the Workers’ Compensation Law (see O’Hurley-Pitts v Diocese of Rockville Ctr., 57 AD3d at 634; Augustine v Sugrue, 305 AD2d at 437-438; Kayen v Shames Realty, 298 AD2d at 363-364; White v Marriott Mgt. Servs., 283 AD2d at 639; Gyory v Radgowski, 89 AD2d 867 [1982]). Skelos, J.E, Dickerson, Chambers and Miller, JJ., concur.