AEE Medical Diagnostic, P.C. a/a/o Ubaldo Castillo, Plaintiff-Respondent,
against
Travelers Property Casualty Company of America, Defendant-Appellant.



Defendant, as limited by its briefs, appeals from an order of the Civil Court of the City of New York, New York County (Debra Rose Samuels, J.), entered October 27, 2015, insofar as it found that plaintiff had established its prima facie case, denied, in part, defendant's motion for summary judgment and directed a trial on the sole issue of whether Workers' Compensation was the primary coverage for plaintiff's assignor.




Per Curiam.
Order (Debra Rose Samuels, J.), entered October 27, 2015, insofar as appealed from, reversed, without costs, the order vacated and the matter remanded to Civil Court for a new determination of the parties' respective motions for summary judgment following a prompt application to the Workers' Compensation Board to determine the parties' rights under the Workers' Compensation Law.
Defendant's submissions in support of its motion for summary judgment dismissing this first-party, no-fault action, including the statement of plaintiff's assignor, raised triable issues as to whether the assignor had been acting in the course of his employment at the time of the accident and that, therefore, workers' compensation benefits might be available (see Dunn v American Tr. Ins. Co., 71 AD3d 629 [2010]; Great Health Care Chiropractic, P.C. v Lancer Ins. Co., 42 Misc 3d 145[A], 2014 NY Slip Op 50340[U] [App Term, 2d, 11th & 13th Jud Dists, 2014]). Plaintiff's present argument that the assignor's statement is defective and inadmissible, is unpreserved, as it is improperly raised for the first time on appeal (see Jordan v City of New York, 126 AD3d 619 [2015]). The defects now alleged by plaintiff could have been corrected by defendant before the motion court, if raised at an earlier time (see DeJesus v Tavares, 140 AD3d 433 [2016]).
The Workers' Compensation Board (Board) has primary jurisdiction to determine factual issues concerning coverage under the Workers' Compensation Law (see Botwinick v Ogden, 59 NY2d 909 [1983]). Therefore, resolution of the factual questions presented on this record "is best suited for determination by the Board, given its expertise in the area" (Arvatz v Empire Mut. Ins. [*2]Co., 171 AD2d 262, 269 [1991]), and the parties' respective summary judgment motions should have been held in abeyance pending a determination by the Board as to the applicability of the Workers' Compensation Law to plaintiff's claims (see LMK Psychological Serv., P.C. v American Tr. Ins. Co., 64 AD3d 752, 754 [2009]; Devonshire Surgical Facility, L.L.C. v Hereford Ins. Co., 30 Misc 3d 129[A], 2010 NY Slip Op 52297[U] [App Term, 1st Dept 2010]). THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concurI concur
Decision Date: September 22, 2017