Sama Physical Therapy, P.C., as Assignee of Ouro-Agrigna, Tcha, Appellant,
against
Hereford Insurance Co., Respondent.




The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Law Offices of Rubin & Nazarian (Thomas Wolf of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Richard G. Latin, J.), dated July 27, 2015. The order, insofar as appealed from, upon, in effect, renewal, adhered to a prior determination in an order of that court entered December 11, 2014 which, among other things, conditionally granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order dated July 27, 2015, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment. Defendant opposed the motion and cross-moved for summary judgment dismissing the complaint, arguing that plaintiff's assignor had been injured during the course of employment. By order entered December 11, 2014, the Civil Court granted defendant's cross motion to the extent of holding the case in abeyance for 90 days pending the filing of an application to the Workers' Compensation Board (Board). The court further stated that if plaintiff failed to file proof of such application with the court, defendant's cross motion for summary judgment dismissing the complaint shall be granted.
Plaintiff subsequently moved for leave to renew and, upon renewal, for summary judgment and to deny defendant's cross motion for summary judgment dismissing the complaint. Defendant opposed plaintiff's motion, noting that plaintiff had failed to comply with the Civil [*2]Court's prior order in that plaintiff did not file an application to the Board and that, while plaintiff had submitted a form to the Board entitled "Claimant's Authorization to Disclose Workers' Compensation Records," not only did this submission fail to comply with the Civil Court's order, it was also made over 100 days after the Civil Court's order. By order dated July 27, 2015, the Civil Court, upon, in effect, renewal, adhered to its prior determination.
Since plaintiff did not demonstrate that it had complied with the Civil Court's order and made a proper application to determine the parties' rights under the Workers' Compensation Law (see LMK Psychological Serv., P.C. v American Tr. Ins. Co., 64 AD3d 752 [2009]), the order dated July 27, 2015, insofar as appealed from, is affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 18, 2018