■ DIANE BECKER et al., Appellants, v CLARKSTOWN CENTRAL SCHOOL DISTRICT, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Rockland County (Stolarik, J.), entered December 20, 1988, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, with a direction to defer disposition of the defendant's motion until final resolution of a prompt application to the Workers' Compensation Board to determine the parties' rights under the Workers' Compensation Law.

The plaintiffs brought this action against the defendant employer for injuries that the plaintiff Diane Becker sustained approximately one-half hour before reporting to work. The injury occurred in a parking lot owned and controlled by the defendant. The defendant moved for summary judgment dismissing the complaint on the ground that workers' compensation was the plaintiffs' exclusive remedy.

It is well settled that "primary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board and that it is therefore inappropriate for the courts to express views with respect thereto pending determination by the board" *(Botwinick v Ogden,* 59 NY2d 909, 911; *O'Rourke v Long,* 41 NY2d 219). The instant case should be referred to

the Workers' Compensation Board for a factual hearing at which evidence will be received and upon which the Board can make a reasoned factual determination as to whether the plaintiffs have a valid claim for damages or whether they are relegated to benefits under the Workers' Compensation Law *(see, Smalls v Kaufmann,* 112 AD2d 986; *Gyory v Radgowski,* 89 AD2d 867).

If the Board determines that the plaintiff Diane Becker was not injured in the course of her employment, its determination will be binding on the court, provided that an opportunity to be heard is afforded to the plaintiffs and the employer *(O'Rourke v Long, supra).* In the event the Board determines that the plaintiff Diane Becker was injured in the course of her employment, then the complaint in the instant action should be dismissed and the plaintiffs may pursue a workers' compensation claim. Thompson, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.