■ LEE HOFRICHTER, Respondent, v NORTH SHORE UNIVERSITY HOSPITAL AT SYOSSET et al., Appellants. [707 NYS2d 639] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Winslow, J.), dated February 26, 1999, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, to decide the defendants' motion after the final resolution of a prompt application to the Workers' Compensation Board to determine the parties' rights under the Workers' Compensation Law.

The plaintiff, a hospital volunteer, tripped and fell in an employee parking lot when she went to her car during her lunch break. The plaintiff never filed a claim for Workers' Compensation benefits, but rather commenced the instant action. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff was injured in the course of her employment and is relegated to Workers' Compensation benefits as her exclusive remedy. The Supreme Court disagreed and denied the motion. We reverse.

It is well settled that "primary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board and that it is therefore inappropriate for the courts to express views with respect thereto pending determination by the board" (*Botwinick v Ogden,* 59 NY2d 909, 911; *O'Rourke v Long,* 41 NY2d 219; *Manetta v Town of Hempstead Day Care Ctr.,* 248 AD2d 517; *Becker v Clarkstown Cent. School Dist.,* 157 AD2d 641).

Accordingly, the Supreme Court should have referred the case to the Workers' Compensation Board for a factual hearing upon which the Board can make a reasoned factual determination as to whether the plaintiff has a valid claim for damages or whether she is relegated to benefits under the Workers' Compensation Law (*see, Manetta v Town of Hempstead Day Care Ctr., supra; Becker v Clarkstown Cent. School Dist., supra*). Friedmann, J. P., McGinity, Luciano and Feuerstein, JJ., concur.