■ EVELYN MELO et al., Appellants, v JEWISH BOARD OF FAMILY AND CHILDREN'S SERVICES, INC., et al., Respondents, and PEARL RESIDENCE Co., Defendant. [722 NYS2d 419] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Barasch, J.), dated January 24, 2000, which granted the motion of the defendants Jewish Board of Family and Children's Services, Inc., and Brooklyn Community Residence to dismiss the action insofar as asserted against them on the ground that it was barred by the Workers' Compensation Law, and denied their cross motion, *inter alia*, to strike the affirmative defense of the Workers' Compensation Law raised by those defendants.

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new determination on the motions following a prompt application to the Workers' Compensation Board to determine the parties' rights under the Workers' Compensation Law.

The plaintiff Evelyn Melo was assaulted and raped while she

was on duty and working for her employer, the defendant Jewish Board of Family and Children's Services, Inc., at its Brooklyn location, the defendant Brooklyn Residence (hereinafter collectively JBFCS). She commenced the instant action and JBFCS moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff was injured in the course of her employment, and thus her action was barred by the exclusivity provisions of the Workers' Compensation Law. The Supreme Court granted the motion. We reverse.

"[P]rimary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board and * * * it is therefore inappropriate for the courts to express views with respect thereto pending determination by the board" (*Botwinick v Ogden,* 59 NY2d 909, 911; *see, O'Rourke v Long,* 41 NY2d 219; *Hofrichter v North Shore Univ. Hosp.,* 271 AD2d 649; *Manetta v Town of Hempstead Day Care Ctr.,* 248 AD2d 517; *Becker v Clarkstown Cent. School Dist.,* 157 AD2d 641).

Accordingly, the Supreme Court should have referred the matter to the Workers' Compensation Board for a hearing and determination as to whether or not the plaintiff is relegated to benefits under the Workers' Compensation Law (*see, Hofrichter v North Shore Univ. Hosp., supra; Manetta v Town of Hempstead Day Care Ctr., supra; Becker v Clarkstown Cent. School Dist., supra*). O'Brien, J. P., Santucci, Florio and Schmidt, JJ., concur.