■ In the Matter of LUTHERAN MEDICAL CENTER, as Assignee of MAHER KISWANI, Appellant, v HEREFORD INSURANCE COMPANY, Respondent. [842 NYS2d 498]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the petitioner appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated December 8, 2005, which denied the petition, granted the respondent's cross petition to vacate the award, and directed the parties to resubmit, to the Workers' Compensation Board, the issue of whether the petitioner's assignor Maher Kiswani was injured in the course of his employment, and to provide notice to all involved parties of any hearing conducted by the Workers' Compensation Board.

Ordered that the order is affirmed, with costs.

Maher Kiswani, a livery car driver, was injured in an

automobile accident when the livery car he was driving struck a tree. Kiswani received medical treatment from Lutheran Medical Center (hereinafter Lutheran), and assigned his insurance benefits to it. Lutheran then sought payment of its medical fees from Hereford Insurance Company (hereinafter Hereford), the no-fault insurance carrier for the livery cab. When Hereford refused to pay, Lutheran demanded arbitration.

After appearing before a no-fault arbitrator, Hereford recommended submitting the question of whether Kiswani was injured in the course of his employment to the Workers' Compensation Board (hereinafter the Board), and Lutheran voluntarily withdrew its claim before the arbitrator. After a hearing, the Board's administrative law judge found that Kiswani was not injured in the course of his employment. Hereford, however, did not receive notice of the workers' compensation hearing and did not participate in it.

Relying in part on the determination of the administrative law judge, Lutheran again sought to recover no-fault benefits from Hereford at a no-fault arbitration hearing. At that hearing, Hereford argued that it was not given notice of the workers' compensation hearing and sought to introduce evidence that Kiswani was injured during the course of his employment. The arbitrator precluded Hereford from introducing the evidence because the issue had already been decided by the Board. The arbitrator awarded Lutheran the no-fault benefits, and the determination was confirmed by a master arbitrator. The Supreme Court vacated the arbitration award, holding that Hereford should have been given notice of the workers' compensation hearing, and directed the parties to resubmit the employment issue to the Board, with notice to all involved parties of any hearing held by the Board. We affirm.

The Supreme Court properly vacated the arbitration award because Hereford should have been notified of the workers' compensation hearing. Where a party, such as Hereford in this case, is not afforded an opportunity to participate in a hearing before the Board, it is not bound by the Board's determination (see Liss v Trans Auto Sys., 68 NY2d 15 [1986]; Mohn v Smith, 271 AD2d 662 [2000]; Matter of Wofsy v Dial Car, 211 AD2d 52 [1995]).

The petitioner's remaining contentions are without merit. Spolzino, J.P., Santucci, Florio and Angiolillo, JJ., concur.