■ BARBARA CATAPANE et al., Respondents, v HALF HOLLOW HILLS CENTRAL SCHOOL DISTRICT et al., Appellants. [846 NYS2d 225]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Jones, J.), dated November 21, 2006, which denied their motion for summary judgment dismissing the complaint on the ground that the action was barred by the Workers' Compensation Law.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination on the motion following a prompt application to the Workers' Compensation Board to determine the parties' rights under the Workers' Compensation Law.

The plaintiff Barbara Catapane, a special education paraprofessional at the defendant Otsego Elementary School, was injured when her car was struck by a bus owned by her employer, the defendant Half Hollow Hills Central School District, and operated by a coemployee, the defendant James M. Campbell. The plaintiff had just exited the faculty parking lot at the end of the school day and was still on school property, namely, the driveway that led from the faculty parking lot to the nearby public street, when the accident occurred. The plaintiff commenced the instant personal injury action, and the defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff was injured in the course of her employment, and thus her action was barred by the exclusivity provision of the Workers' Compensation Law. The Supreme Court denied the motion.

"[P]rimary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board and . . . it is therefore inappropriate for the courts to express views with respect thereto pending determination by the board" (*Botwinick v Ogden*, 59 NY2d 909, 911 [1983]; *see O'Rourke v Long*, 41 NY2d 219 [1976]; *Augustine v Sugrue*, 305 AD2d 437 [2003], *lv denied* 9 NY3d 805 [2007]; *Melo v Jewish Bd. of Family & Children's Servs.*, 282 AD2d 440, 441 [2001]; *Hofrichter v North Shore Univ. Hosp. at Syosset*, 271 AD2d 649, 650 [2000]; *Manetta v Town of Hempstead Day Care Ctr.*, 248 AD2d 517 [1998]; *Becker v Clarkstown Cent. School Dist.*, 157 AD2d 641 [1990]).

Accordingly, prior to rendering a determination on the mo-

tion, the Supreme Court should have referred the matter to the Workers' Compensation Board for a hearing and determination as to whether or not the plaintiff is relegated to benefits under the Workers' Compensation Law (*see Melo v Jewish Bd. of Family & Children's Servs.*, 282 AD2d at 441; *Hofrichter v North Shore Univ. Hosp. at Syosset*, 271 AD2d at 650; *Manetta v Town of Hempstead Day Care Ctr.*, 248 AD2d at 517; *Becker v Clarkstown Cent. School Dist.*, 157 AD2d at 641).

The plaintiffs' remaining contention regarding estoppel is without merit. Rivera, J.P., Skelos, Fisher and Angiolillo, JJ., concur.