■ Luis Rosario, Respondent, v Montalvo & Son Auto Repair Center, Ltd., Appellant, et al., Defendant. [989 NYS2d 73]—

In an action to recover damages for personal injuries, the defendant Montalvo & Son Auto Repair Center, Ltd., appeals from an amended judgment of the Supreme Court, Kings County (F. Rivera, J.), dated September 27, 2012, which, upon (a) an order of the same court (Saitta, J.), dated October 27, 2011, granting the plaintiff's motion for summary judgment on the issue of liability and dismissing the affirmative defenses of contributory negligence and assumption of risk, (b) the denial of its motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it made at the close of the plaintiff's case during the damages trial, (c) a jury verdict in favor of the plaintiff and against it on the issue of damages, and (d) an order of the same court (F. Rivera, J.) dated August 10, 2012, denying its motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of damages and for judgment as a matter of law dismissing the complaint insofar as asserted against it, is in favor of the plaintiff and against it in the principal sum of $183,802.47.

Ordered that the amended judgment is reversed, on the law, with costs, the plaintiff's motion for summary judgment on the issue of liability and dismissing the affirmative defenses of contributory negligence and assumption of risk is denied, those defenses are reinstated, the order dated October 27, 2011, is vacated, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of liability only, during which the appellant may offer proof, inter alia, in support of its affirmative defenses of contributory negligence and assumption of risk; and it is further,

Ordered that the jury's findings of fact on the issue of damages are affirmed.

The plaintiff alleged that one of his fingers was injured on a tow truck owned by the defendant Montalvo & Son Auto Repair Center, Ltd. (hereinafter Montalvo), during the course of his employment with Montalvo. In response to a motion by the plaintiff for summary judgment on the issue of liability and dismissing Montalvo's affirmative defenses of contributory negligence and assumption of risk, the Supreme Court referred the matter to a special referee for a hearing to determine whether the plaintiff was employed by Montalvo and was injured during the course of his employment with Montalvo. The special

referee determined that the plaintiff was employed by Montalvo and was injured during the course of his employment with Montalvo, and in an order dated August 10, 2009, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment dismissing Montalvo's affirmative defenses of contributory negligence and assumption of risk. This Court reversed that order on the ground that the Supreme Court should have instead referred the matter to the Workers' Compensation Board (hereinafter the WCB), because primary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law is vested in the WCB (*see Rosario v Montalvo & Son Auto Repair Ctr., Ltd.*, 76 AD3d 963 [2010]). Pursuant to this Court's determination, the plaintiff filed a claim with the WCB. Following a hearing without Montalvo's participation, the WCB disallowed the plaintiff's claim, but determined, inter alia, that the plaintiff was employed by Montalvo and that the plaintiff properly elected his remedy under Workers' Compensation Law § 11 when he filed his claim in the Supreme Court. The Supreme Court then granted the plaintiff's motion for summary judgment on the issue of liability and dismissing Montalvo's affirmative defenses of contributory negligence and assumption of risk, in effect, giving collateral estoppel effect to the WCB's determination on the issues concerning the plaintiff's employment status and whether he was injured during the course of his employment, and proceeded to trial on the issue of damages. Montalvo contends that the Supreme Court erred by, in effect, giving collateral estoppel effect to the WCB's determination because it was not given notice of the WCB's hearing and, in any event, because the WCB never made a determination as to whether the plaintiff was injured during the course of his alleged employment. We agree.

Under the doctrine of collateral estoppel, a party is precluded from relitigating an issue which has been previously decided against him in a prior proceeding where he had a full and fair opportunity to litigate such issue (*see Luscher v Arrua*, 21 AD3d 1005, 1007 [2005], citing *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659 [1990]; *see also Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]; *Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 69 [1969]). The doctrine has been applied to quasi-judicial determinations of administrative agencies such as the WCB (*see eg. O'Gorman v Journal News Westchester*, 2 AD3d 815, 816 [2003]).

The Supreme Court, however, should not have, in effect, given collateral estoppel effect to the WCB's determination under the circumstances of this case, because Montalvo should have been,

but was not, given notice of the WCB's hearing. Where a party, such as Montalvo in this case, is not afforded an opportunity to participate in a hearing before the WCB, it is not bound by the WCB's determination made after the hearing (*see Matter of Lutheran Med. Ctr. v Hereford Ins. Co.*, 43 AD3d 1064, 1065 [2007]).

Accordingly, we reverse the amended judgment, deny the plaintiff's motion for summary judgment on the issue of liability and dismissing the affirmative defenses of contributory negligence and assumption of risk, reinstate those defenses, vacate the order dated October 27, 2011, and remit the matter to the Supreme Court, Kings County, for a new trial on the issue of liability only, during which Montalvo may offer proof, inter alia, in support of its affirmative defenses of contributory negligence and assumption of risk.

Montalvo's remaining contention in Point II of its brief is without merit. Rivera, J.P., Balkin, Chambers and Miller, JJ., concur.