■ VERONICA NARRO, Respondent, v MMC HOLDING OF BROOKLYN, INC., Defendant, and MAIMONIDES MEDICAL CENTER, Appellant. [992 NYS2d 561]—

In an action to recover damages for personal injuries, the defendant Maimonides Medical Center appeals from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated January 2, 2013, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it after

final resolution of a prompt application to the Workers' Compensation Board to determine the parties' rights under the Workers' Compensation Law.

The plaintiff was employed by the defendant Maimonides Medical Center (hereinafter Maimonides). The plaintiff allegedly was injured when she fell in a parking garage owned by Maimonides while walking toward the building where her workplace was located to begin her regular shift. The plaintiff did not file for workers' compensation benefits, and commenced this action to recover damages for personal injuries against, among others, Maimonides. Maimonides moved for summary judgment dismissing the complaint insofar as asserted against it solely on the ground that the Workers' Compensation Law provided the exclusive remedy for the damages alleged in the complaint. The Supreme Court denied the motion.

Primary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board (hereinafter the Board). Where the issue of the applicability of the Workers' Compensation Law is in dispute, and a plaintiff fails to litigate that issue before the Board, a court should not express an opinion as to the availability of compensation, but should refer the matter to the Board because the Board's disposition of the plaintiff's compensation claim is a jurisdictional predicate to the civil action (*see Liss v Trans Auto Sys.*, 68 NY2d 15, 21 [1986]; *Botwinick v Ogden*, 59 NY2d 909, 911 [1983]; *Gullo v Bellhaven Ctr. for Geriatric & Rehabilitative Care, Inc.*, 114 AD3d 905, 906 [2014]; *Monteiro v Rasraj Foods & Catering, Inc.*, 79 AD3d 827 [2010]; *O'Hurley-Pitts v Diocese of Rockville Ctr.*, 57 AD3d 633, 634 [2008]).

Here, there has been no determination by the Board as to whether the plaintiff is entitled to Workers' Compensation benefits for her alleged injuries. As the plaintiff failed to litigate this matter before the Board, the Supreme Court should not have entertained Maimonides's motion, and the matter should have been referred to the Board to decide that issue (*see Gullo v Bellhaven Ctr. for Geriatric & Rehabilitative Care, Inc.*, 114 AD3d at 907; *O'Hurley-Pitts v Diocese of Rockville Ctr.*, 57 AD3d at 634).

In light of our determination, we need not reach Maimonides's remaining contention. Dickerson, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.