Chin v Doherty Enters. (2022 NY Slip Op 04532)

Chin v Doherty Enters.

2022 NY Slip Op 04532

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
REINALDO E. RIVERA
PAUL WOOTEN, JJ.

2019-12874
 (Index No. 707880/19)

[*1]Amber Chin, appellant, 
v
Doherty Enterprises, et al., respondents, et al., defendants.

Umoh Law Firm, PLLC, Brooklyn, NY (Uwem Umoh of counsel), for appellant.
Saul Ewing Arnstein & Lehr LLP, New York, NY (Dena B. Calo, Gillian A. Cooper, and Erik P. Pramschufer of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered October 9, 2019. The order, insofar as appealed from, granted those branches of the motion of the defendants Doherty Enterprises, Doherty Breads, LLC, and Doherty Group, Inc., which were pursuant to CPLR 3211(a)(7) to dismiss the first through fourth causes of action insofar as asserted against them, and denied the plaintiff's cross motion for leave to amend the amended complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendants Doherty Enterprises, Doherty Breads, LLC, and Doherty Group, Inc., which were pursuant to CPLR 3211(a)(7) to dismiss the first through fourth causes of action insofar as asserted against them; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new determination of those branches of the motion of the defendants Doherty Enterprises, Doherty Breads, LLC, and Doherty Group, Inc., which were pursuant to CPLR 3211(a)(7) to dismiss the first through fourth causes of action insofar as asserted against them, after final resolution of a prompt application to the Workers' Compensation Board to determine the parties' rights under the Workers' Compensation Law.
The plaintiff was employed at a Panera Bread, a franchise allegedly owned by the defendants Doherty Enterprises, Doherty Breads, LLC, and Doherty Group, Inc. (hereinafter collectively the defendants). The plaintiff alleged that on October 4, 2017, after she finished her shift, left the premises, and returned to pick up her brother, also an employee, she was assaulted by her coworkers on the store's premises.
The plaintiff commenced this action, inter alia, to recover damages for negligence (first through fourth causes of action). The defendants moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the negligence causes of action insofar as asserted against them, arguing that those causes of action were barred by the exclusivity provision of the Workers' Compensation Law (see Workers' Compensation Law §§ 11, 29[6]). The plaintiff cross-moved for leave to amend the amended complaint to add causes of action to recover damages for employment discrimination on the basis of sex, hostile work environment, and retaliation in violation of the New York State [*2]Human Rights Law (Executive Law § 296) and the New York City Human Rights Law (Administrative Code of City of NY § 8-107). The Supreme Court, inter alia, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the negligence causes of action insofar as asserted against them and denied the plaintiff's cross motion. The plaintiff appeals.
The Supreme Court providently exercised its discretion in denying the plaintiff's cross motion for leave to amend the amended complaint, as the proposed amendments were palpably insufficient and patently devoid of merit (see Clark v Pfizer, Inc., 64 AD3d 536; Lucido v Mancuso, 49 AD3d 220, 226-227).
However, the Supreme Court improperly granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the negligence causes of action insofar as asserted against them. Since "primary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board," it is "inappropriate for the courts to express views with respect thereto pending determination by the board" (Botwinick v Ogden, 59 NY2d 909, 911; see Liss v Trans Auto Sys., 68 NY2d 15, 20-21; O'Rourke v Long, 41 NY2d 219, 224, 227-228; Monteiro v Rasraj Foods & Catering, Inc., 79 AD3d 827, 828-829). Here, questions of fact were raised as to whether the plaintiff was injured during the course of her employment, and thus, the court should have referred the matter to the Workers' Compensation Board (see Botwinick v Ogden, 59 NY2d at 911; Monteiro v Rasraj Foods & Catering, Inc., 79 AD3d at 828-829; Rosario v Montalvo & Son Auto Repair Ctr., Ltd., 76 AD3d 963, 963-964; O'Hurley-Pitts v Diocese of Rockville Ctr., 57 AD3d 633; Nunes v Window Network, LLC, 54 AD3d 834, 834-835; Melo v Jewish Bd. of Family & Children's Servs., 282 AD2d 440, 441; Hofrichter v North Shore Univ. Hosp. at Syosset, 271 AD2d 649, 650).
DILLON, J.P., IANNACCI, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court