Lall v Harnick (2023 NY Slip Op 00080)

Lall v Harnick

2023 NY Slip Op 00080

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-02291
 (Index No. 705995/18)

[*1]Rohinie Lall, respondent, 
v
Joel Harnick, et al., appellants.

Cariello Law Firm, Uniondale, NY (Alex M. Temple of counsel), for appellants.
Sacco & Fillas, LLP, Bayside, NY (Richard Schirmer of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered February 10, 2020. The order denied, as premature, the defendants' motion for summary judgment dismissing the complaint without prejudice to renew.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the defendants' motion for summary judgment dismissing the complaint following a prompt application to the Workers' Compensation Board to determine the parties' rights under the Workers' Compensation Law.
The plaintiff allegedly was injured when she fell at certain property owned by the defendants (hereinafter the property). Thereafter, the plaintiff commenced this action against the defendants to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, contending that the plaintiff was injured in the course of her employment as a housekeeper/household employee at the property and that the Workers' Compensation Law provided the exclusive remedy for the damages alleged in the complaint. The Supreme Court denied the motion, as premature, without prejudice to renew.
Primary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board (hereinafter the Board) and it is therefore inappropriate for the courts to express views with respect thereto pending determination by the Board (see Botwinick v Ogden, 59 NY2d 909, 911; O'Rourke v Long, 41 NY2d 219; Dunn v American Tr. Ins. Co., 71 AD3d 629, 629-630; Catapane v Half Hollow Hills Cent. School Dist., 45 AD3d 517, 518). "Where the issue of the applicability of the Workers' Compensation Law is in dispute, and a plaintiff fails to litigate that issue before the Board, a court should not express an opinion as to the availability of compensation, but should refer the matter to the Board because the Board's disposition of the plaintiff's compensation claim is a jurisdictional predicate to the civil action" (Narro v MMC Holding of Brooklyn, Inc., 120 AD3d 1321, 1322).
Here, the Supreme Court should have referred the matter to the Board for a hearing and determination as to whether the plaintiff is relegated to benefits under the Workers' [*2]Compensation Law (see Chin v Doherty Enters., 207 AD3d 514; Dunn v American Tr. Ins. Co., 71 AD3d at 630; Nunes v Window Network, LLC, 54 AD3d 834, 835; Catapane v Half Hollow Hills Cent. School Dist., 45 AD3d at 518-519). Accordingly, the court erred in denying the defendants' motion for summary judgment dismissing the complaint, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the defendants' motion following a prompt application to the Board to determine the parties' rights under the Workers' Compensation Law.
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court