State Farm Mut. Auto. Ins. Co. v Amtrust N. Am., Inc. (2024 NY Slip Op 00646)

State Farm Mut. Auto. Ins. Co. v Amtrust N. Am., Inc.

2024 NY Slip Op 00646

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2022-03088
 (Index No. 705856/21)

[*1]State Farm Mutual Automobile Insurance Company, etc., appellant, 
v
Amtrust North America, Inc., respondent.

Nicolini, Paradise, Ferretti & Sabella, PLLC, Mineola, NY (Neil Khiani and Joseph T. Darr of counsel), for appellant.
Marschhausen & Fitzpatrick, P.C., Hicksville, NY (Kevin P. Fitzpatrick of counsel), for respondent.

DECISION & ORDER
In a subrogation action to recover damages for unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), dated March 17, 2022. The order granted the defendant's motion pursuant to CPLR 3211(a)(2) to dismiss the complaint.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the defendant's motion pursuant to CPLR 3211(a)(2) to dismiss the complaint after final resolution of a prompt application to the Workers' Compensation Board to determine the parties' rights under the Workers' Compensation Law.
In July 2018, the subrogors of the plaintiff no-fault insurer, State Farm Mutual Automobile Insurance Company, allegedly were injured in a motor vehicle accident while traveling in a vehicle insured by the plaintiff. After the plaintiff provided payments for medical services on behalf of the subrogors, it learned that the subrogors had applied for workers' compensation benefits
and that the Workers' Compensation Board had directed the defendant workers' compensation insurer, Amtrust North America, Inc., to pay for necessary medical treatments for the subrogors. Thereafter, the plaintiff demanded that the defendant reimburse it for the full amount of no-fault benefits the plaintiff had provided on behalf of its subrogors.
In March 2021, the plaintiff commenced this action against the defendant to recover the benefits paid, alleging causes of action sounding in unjust enrichment. Thereafter, the defendant moved pursuant to CPLR 3211(a)(2) to dismiss the complaint on the ground that the Workers' Compensation Board had jurisdiction over the coverage dispute. In an order dated March 17, 2022, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"[W]here the availability of workmen's compensation hinges upon the resolution of questions of fact or upon mixed questions of fact and law, the plaintiff may not choose the courts as the forum for the resolution of such questions" (O'Rourke v Long, 41 NY2d 219, 228; see Liss v Trans Auto Sys., 68 NY2d 15, 20-21). "Since 'primary jurisdiction with respect to determinations [*2]as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board,' it is 'inappropriate for the courts to express views with respect thereto pending determination by the board'" (Chin v Doherty Enters., 207 AD3d 514, 516, quoting Botwinick v Ogden, 59 NY2d 909, 911).
Here, the Workers' Compensation Board has primary jurisdiction over the coverage issues raised, including the extent to which the medical expenses incurred by the plaintiff's subrogors are causally related to the subject accident and compensable under the Workers' Compensation Law (see Matter of Brennan v Village of Johnson City, 213 AD3d 1058, 1059; Matter of Bland v Gellman, Brydges & Schroff, 151 AD3d 1484, 1487). Contrary to the plaintiff's contention, having not sought review or reopening of the workers' compensation hearing, the plaintiff has not established that it lacks recourse before the Workers' Compensation Board (see Workers' Compensation Law § 142(7); 12 NYCRR 300.13[a][4], [b][2][iv]; 300.14[a]; Matter of Lutheran Med. Ctr. v Hereford Ins. Co., 43 AD3d 1064, 1065). Therefore, the Supreme Court should have referred the matter to the Workers' Compensation Board (see Lall v Harnick, 212 AD3d 606, 607; Chin v Doherty Enters., 207 AD3d at 516).
The defendant's remaining contention is not properly before this Court.
Accordingly, we remit the matter to the Supreme Court, Queens County, for a new determination of the defendant's motion after final resolution of a prompt application to the Workers' Compensation Board to determine the parties' rights under the Workers' Compensation Law.
CONNOLLY, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court