Guang Qi Lin v Xiaoping Lu (2025 NY Slip Op 00309)

Guang Qi Lin v Xiaoping Lu

2025 NY Slip Op 00309

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2023-01011
 (Index No. 715440/19)

[*1]Guang Qi Lin, etc., respondent,
v
Xiaoping Lu, et al., appellants.

Scahill Law Group, P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for appellants.
Keogh Crispi, P.C., New York, NY (Pat James Crispi of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the defendants appeal from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered January 4, 2023. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the defendants' motion for summary judgment dismissing the complaint following a prompt application to the Workers' Compensation Board to determine the parties' rights under the Workers' Compensation Law.
Xiu Rong Yang (hereinafter the decedent) sustained fatal injuries when a vehicle in which she was a passenger drove off a roadway during a snowstorm. Thereafter, the plaintiff, as the administrator of the decedent's estate, commenced this action, inter alia, to recover damages for wrongful death. The defendants moved for summary judgment dismissing the complaint, arguing that the decedent was injured in the course of her employment and that the Workers' Compensation Law provided the exclusive remedy for the damages alleged in the complaint. By order entered January 4, 2023, the Supreme Court denied the defendants' motion.
"The Workers' Compensation Law 'is designed to insure that an employee injured in course of employment will be made whole and to protect a coemployee who, acting within the scope of his [or her] employment caused the injury'" (Power v Frasier, 131 AD3d 461, 462, quoting Maines v Cronomer Val. Fire Dept., 50 NY2d 535, 544). "[P]rimary jurisdiction" for determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board (hereinafter the Board) (Botwinick v Ogden, 59 NY2d 909, 911), and it is therefore inappropriate for the courts to express views with respect thereto in the absence of a determination by the Board (see State Farm Mut. Auto. Ins. Co. v Amtrust N. Am., Inc., 224 AD3d 714, 715; Lall v Harnick, 212 AD3d 606, 606; Findlater v Catering by Michael Schick, Inc., 166 AD3d 727, 728-729; see also O'Rourke v Long, 41 NY2d 219, 224, 228). "Where the issue of the applicability of the Workers' Compensation Law is in dispute, and a plaintiff fails to litigate that issue before the Board, a court should not express an opinion as to the availability of compensation, but should refer the matter to the Board because the Board's disposition of the plaintiff's [*2]compensation claim is a jurisdictional predicate to the civil action" (Narro v MMC Holding of Brooklyn, Inc., 120 AD3d 1321, 1322; see Lall v Harnick, 212 AD3d at 606-607).
Here, the Supreme Court should have referred the matter to the Board for a hearing and determination as to whether the plaintiff is relegated to benefits under the Workers' Compensation Law (see Lall v Harnick, 212 AD3d at 607; Narro v MMC Holding of Brooklyn, Inc., 120 AD3d at 1322). Accordingly, the court erred in denying the defendants' motion for summary judgment dismissing the complaint, and we remit the matter to the Supreme Court, Queens County, for a new determination of the defendants' motion following a prompt application to the Board to determine the parties' rights under the Workers' Compensation Law.
BARROS, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court